Richard P. Sybert, OSB No. 833714
Email: rsybert@grsm.com
Direct Dial: (619) 230-7768
GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Avenue, Suite 2000
Portland, OR  97201
Tel: (503) 222-1075
Fax: (503) 616-3600

John T. Mills (*Pro Hac Vice*)
Email: jtmills@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
One Battery Park Plaza, 28th Floor
New York, NY  10004
Tel: (212) 269-5500
Fax: (212) 269-5505

*Attorneys for Defendant LegitScript, LLC*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| PHARMACYCHECKER.COM LLC, <br><br> Plaintiff, <br><br> vs. <br><br> LEGITSCRIPT LLC, <br><br> Defendant. | Case No. 3:22-cv-00252-SI <br><br> **DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** <br><br> **Request for Oral Argument** |

**LR 7-1 CERTIFICATION**

The undersigned counsel for LegitScript LLC ("LegitScript") certifies that he conferred with counsel for Plaintiff PharmacyChecker.com LLC ("Plaintiff" or "PharmacyChecker"). Counsel was unable to resolve the dispute.

DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM – 1

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

## MOTION

LegitScript submits this memorandum of law in support of its motion to dismiss the Amended Complaint ("Complaint") of Plaintiff pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth herein, LegitScript's motion should be granted, and the Complaint should be dismissed in its entirety.

## MEMORANDUM IN SUPPORT

Plaintiff's sole cause of action against LegitScript fails to plead facts plausibly showing an agreement to do anything illegal as between LegitScript and the alleged co-conspirators or the so-called internet "gatekeepers" named in the Complaint. The Complaint contains simply a boilerplate recitation of antitrust "buzzwords" and conclusory assertions which do not meet the standard for surviving a motion to dismiss. As a matter of law under *Twombly* and *Iqbal,* these allegations are insufficient to provide the necessary factual basis for a Sherman Act claim. In addition, the claim is also subject to dismissal to the extent the allegations against LegitScript concern conduct occurring before the limitations period.

### I. PROCEDURAL HISTORY

On August 13, 2019, Plaintiff filed its original Complaint in the United States District Court for the Southern District of New York ("SDNY"), naming LegitScript, as well as Alliance for Safe Online Pharmacies ("ASOP"), Center for Safe Internet Pharmacies Ltd. ("CSIP"), National Association of Boards of Pharmacy ("NABP"), and Partnership for Safe Online Medicines, Inc. ("PSM"). Dkt. 1. On or about August 16, 2019, Plaintiff moved for a preliminary injunction seeking various injunctive relief against NABP and CSIP. Dkt. 15-20, 33, 36-38, 40-

DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM – 2

GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

42, 53-57. On or about September 12, 2019, the SDNY denied Plaintiff's motion for a preliminary injunction. Dkt. 73.

On October 21, 2019, Plaintiff filed its Amended Complaint, still in the Southern District of New York. Dkt. 82 ("Compl."). On March 13, 2020, LegitScript, together with ASOP, CSIP, NABP and PSM filed a joint motion to dismiss the Amended Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. 100-103. On that same date, LegitScript also filed an individual motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. 106, 108-109, 112, 119-121.

After briefing and oral argument, on or about March 30, 2021, the SDNY entered an Order granting LegitScript's motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Dkt. 129 at pp. 9-21. The SDNY denied the arguments raised in the joint motion regarding failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) as to ASOP, CSIP, NABP and PSM. Dkt. 129. Given the dismissal of the claim against LegitScript for lack of personal jurisdiction, the SDNY did not address the arguments raised in LegitScript's individual Rule 12(b)(6) motion. Dkt. 129. Therefore, following the filing of the instant Amended Complaint here in the District of Oregon, LegitScript is free to raise those arguments again.

The SDNY's dismissal of the claim against LegitScript for lack of personal jurisdiction was without prejudice and provided Plaintiff an opportunity to file an amended complaint within 30 days (Dkt. 129 at pp. 20-21), Plaintiff chose not to do so, and instead sought leave to file a motion to sever and transfer the claim against LegitScript to this Court. Dkt. 139, 141, 144. Plaintiff thereafter did so (Dkt. 154-156, 165, 168), and the motion was granted. Dkt. 219.

DEFENDANT'S MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM – 3

GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

At oral argument on Plaintiff's motion to sever and transfer, the SDNY reiterated that, in granting LegitScript's 12(b)(1) motion to dismiss the Amended Complaint for lack of personal jurisdiction, it had not addressed the arguments raised in LegitScript's individual 12(b)(6) motion for failure to state a claim, instead leaving those arguments to this court. The SDNY specifically stated that the parties would be afforded the opportunity to address those arguments following transfer of the action.

Following transfer, this court entered a briefing schedule setting deadlines for LegitScript's motion to dismiss, with the motion to be filed not later than March 25, 2022. Dkt. 237. As such, the instant motion is timely, and the arguments herein are ripe for adjudication.[1]

## II.   FACTUAL ALLEGATIONS

Plaintiff alleges that it provides "accreditation to safe online pharmacies worldwide," and connects "consumers who are contemplating purchasing their prescription medications from an online pharmacy website" to those pharmacies "regardless of the pharmacy's or the consumer's location." Compl. ¶¶ 60, 33. Plaintiff alleges that it accredits "both foreign and domestic pharmacies" that are "licensed and regulated in their jurisdiction, sell lawfully manufactured products, follow good pharmacy practices, require prescriptions, and do not sell controlled substances internationally." *Id.* ¶ 40.

Plaintiff alleges that, once it has accredited a pharmacy, Plaintiff's website "allows consumers worldwide to find the lowest prices for their prescription medications [from Plaintiff's accredited pharmacies], whether dispensed in the United States or abroad." *Id.* ¶ 5.

---

[1] By making this motion, LegitScript does not waive any of the arguments raised in the joint motion to dismiss and reserves the rights to raise these issues at the appropriate time, should Plaintiff's Complaint survive the instant motion.

DEFENDANT'S MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM – 4

GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

Plaintiff alleges that "international pharmacies" make "lower-price" drugs "accessible to patients world-wide and particularly to U.S. patients. . . ." *Id.* ¶ 21. Plaintiff contrasts its accreditation services with those offered by companies like NABP, which it alleges are "of little utility for many consumers – those seeking to provide the lowest possible drug prices – because NABP [does] not accredit Canadian or other non-U.S. pharmacies that sell medicine into the United States." *Id*. ¶ 39.

Plaintiff also alleges that it participates in the "market for comparative prescription drug pricing information." Compl. ¶¶ 1, 30. Plaintiff's price comparison services "include the prices of medications of Pharmacy-Checker.com-accredited pharmacies, which are located in the United States *and abroad*. . . ." *Id.* ¶ 43. Notably, Plaintiff does *not* allege that LegitScript provides a similar service. *Id.* ¶ 65 (alleging the founder of LegitScript "considered offering drug pricing comparison…but decided not to"). Instead, Plaintiff alleges its competitors in this purported market are non-parties including GoodRx, Drugs.Com, WellRx, and eDrugsearch. *Id.*

Plaintiff alleges that NABP and LegitScript provide verification to licensed pharmacies wishing to operate online, among other services. *See* Compl. ¶ 6 (NABP); *id*. ¶ 9 (LegitScript). CSIP offers "data-sharing tools about 'suspected illegitimate online pharmacy websites,'" coordinates "communications campaigns," and has a membership that includes major companies like "Google, Facebook, Microsoft, Facebook, Mastercard, and UPS." *Id.* ¶¶ 8, 75. ASOP allegedly brings together "key stakeholders to compile data and address the problem of online drug sellers/counterfeits." *Id*. ¶ 7. PSM is an issue-advocacy "nonprofit organization that has orchestrated a wide-reaching campaign against foreign drug imports." *Id.* ¶ 10.

DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM – 5

GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

Plaintiff alleges a scheme by LegitScript, together with ASOP, ASOP, CSIP, NABP and PSM, as well as other alleged co-conspirators, to exclude PharmacyChecker by "using shadow regulation—private agreements with key internet gatekeepers—to manipulate and suppress the information available to consumers seeking information about lower-cost, safe prescription medicine." *Id.* ¶¶ 1-2. Plaintiff alleges the "primary purpose" of this purported conspiracy "is to restrain competition by . . . persuading or coercing others not to do business with their targets [allegedly, Plaintiff] or to cut them off from essential resources necessary to compete." *Id.* ¶ 29. Plaintiff itself has worked with these "gatekeepers" (and alleged participants in the purported conspiracy) to exclude "rogue" and "unaccredited" pharmacies from advertising, by providing verification services to Google, Bing, and Yahoo beginning in 2006. *Id.* ¶¶ 37-38, 40-41, 48. Plaintiff alleges (in a conclusory fashion) that, after 2011 when Google entered into a non-prosecution agreement[2] to allow foreign pharmacy advertisers to run online ads in the United States, LegitScript has since "wrest[ed] away" from PharmacyChecker contracts with those

---

[2] Plaintiff's characterization of the non-prosecution agreement as somehow supporting the allegations of the alleged conspiracy is deficient. The Court may take judicial notice of the NPA, which was attached to the joint motion to dismiss in the SDNY and was made public by the Department of Justice. *See* Dkt. 102-1; *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (Court may consider "matters of which a court may take judicial notice"); Fed. R. Civ. P. 201 (Court "may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned"). The non-prosecution agreements states that "[w]hile PharmacyChecker did not certify online pharmacies that shipped controlled prescription drugs, Canadian or otherwise, PharmacyChecker did certify advertisers of non-controlled prescription drugs, including distributors of non-controlled prescription drugs located in Canada. As a result, [Google] knowingly permitted Canadian online pharmacies, certified by PharmacyChecker, to advertise the sale of non-controlled prescription drugs through AdWords to U.S. consumers." Dkt. 102-1, Exhibit "C" at ¶ 2(l). Thus, the non-prosecution agreement in fact supports LegitScript's argument herein.

DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM – 6

GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

"gatekeepers" "to perform verifications[,]" with the alleged "intention of excluding international pharmacies from the marketplace" in furtherance of the alleged conspiracy. *Id.* ¶ 66.

Notwithstanding this alleged decade-plus-long scheme between LegitScript, ASOP, ASOP, CSIP, NABP and PSM, as well as other alleged co-conspirators, Plaintiff alleges no meetings between all of them. *See generally*, Compl. Plaintiff points to discrete emails and press releases from the 2000s and early 2010s where the alleged co-conspirators express similar goals of limiting illegal prescription drug sales, characterizing them as "agreements . . . of Defendants and Co-Conspirators" and "actions in furtherance of [a] conspiracy[,]" despite having no factual basis to support these conclusions and impermissibly grouping together the alleged co-conspirators as a whole. *Id.* ¶¶ 26, 32.

Plaintiff alleges that the centerpiece of this supposed conspiracy is a "2012 meeting, [where] NABP and ASOP affirmed their agreement to continue to work together to restrain competition." *See id*. ¶¶ 62-85, ¶ 73. At that meeting, NABP and ASOP allegedly "discussed numerous plans for actions that they intended to take in conjunction with their co-conspirators to further limit competition from online pharmacies." *Id.* at ¶ 73. *LegitScript is not alleged to have been present at this meeting.* Beyond that, there are no allegations of even bilateral meetings of the alleged co-conspirators after 2012. *See generally,* Compl. It apparently took NABP six years to get around to implementing this scheme hatched in 2012 and "[b]lacklist[] PhramacyChecker," something NABP allegedly had also done for a period of months in 2010. *See* Compl. ¶¶ 79, 87.

The Complaint alleges that, between 2013 and 2014, NABP, ASOP, CSIP, LegitScript, as well as Pfizer, Eli Lilly, Gilead Sciences, Janssen, Merck, the International Pharmacy Federation

DEFENDANT'S MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM – 7

GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

and "other unnamed 'stakeholders'" sought to create a ".pharmacy" domain through ICANN that advertisers and merchants could use to identify legitimate online pharmacies. *Id.* ¶ 81. Then in 2015, NABP allegedly unilaterally sent a letter asking ICANN to "take down" other pharmacy domains that lacked NABP or LegitScript approval. *Id.* ¶ 81; *see also id.* ¶¶ 96-99 (discussing the .pharmacy domain extension). CSIP member companies like MasterCard, Google, and UPS "have jointly agreed to only allow online pharmacies with a '.pharmacy' address to advertise, take payments, and ship products."[3] *Id.*

Plaintiff alleges that, also in 2015, several of the alleged co-conspirators put out press releases over several months linking Plaintiff to "an indictment related to illegal wholesale drug importation." Compl. ¶ 85. ASOP and LegitScript allegedly jointly issued a release August 18, NABP published a blog post the next day, and CSIP published a blog post in September and another in October. *Id.* Plaintiff alleges that these sequential actions were "coordinated." *Id.*

Time passed. Plaintiff does not allege any meetings, communications, "actions in furtherance of the conspiracy," or any conduct in 2016. *See generally*, Complaint.

In 2017, a pharmacy allegedly told Plaintiff that NABP would not certify that pharmacy under NABP's proprietary VIPPs program if it also advertised affiliation with Plaintiff. *Id.* ¶¶ 83-84. Plaintiff speculates that "NABP or LegitScript" reported Plaintiff to a "security vendor" to have Plaintiff's website characterized as "not safe" for firewalls and network filters, although Plaintiff admits that this unnamed vendor "would not name" the company that made the report. *Id.* ¶ 84.

---

[3] These CSIP member companies, unlike CSIP itself, are also not alleged to be part of the purported "conspiracy." Plaintiff does not allege any facts to support its conclusory allegation that any of CSIP's members ever agreed to *only* use .pharmacy for any purpose or that CSIP worked on the creation of ".pharmacy." See Compl. ¶ 97.

| DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM – 8 | GORDON REES SCULLY MANSUKHANI, LLP<br>1300 SW Fifth Avenue, Suite 2000<br>Portland, OR 97201<br>Telephone: (503) 222-1075<br>Facsimile: (503) 616-3600 |
|---|---|

Time continued to pass. In December 2018, NABP added PharmacyChecker and an affiliated blog to its "not recommended sites list" ("NRL"). *Id.* ¶ 87. The NRL states, *inter alia*, with respect to Plaintiff's site *and at least 11,000 other webpages*, "Avoid these websites" because they "appear to be out of compliance with state and federal laws or NABP patient safety and pharmacy practice standards," *id.* ¶ 119, 131; that NRL websites "may: Dispense prescription medicine without a prescription; Dispense foreign or unapproved medicine[; or] Refer/link patients to sites that facilitate the dispensing of prescription medication in violation of state or federal law or NABP standards," *id.* A September 2019 version of the NRL states that "[t]he following sites are all known to be unsafe," *id.* ¶ 121; and that "[u]sing websites on the NRL to purchase drugs may put you or your loved ones at risk," *id.* ¶ 123. Plaintiff alleges that NABP's website encourages consumers to "purchase medication from legitimate websites online," and provides a link to a list of pharmacy websites allegedly approved by NABP's VIPPS program. *Id.* ¶ 134.

Plaintiff does *not* allege that NABP coordinated with any other alleged co-conspirator, including LegitScript, when it added Plaintiff to the NRL. Plaintiff *does* allege that some CSIP ***members*** – not alleged to be a part of any conspiracy – subsequently limited Plaintiff's visibility or provided warnings in searches that included Plaintiff. *Id.* ¶ 92.[4] But Plaintiff does *not* allege that *LegitScript* was involved in the alleged decision to add Plaintiff to the NRL.

Finally, Plaintiff alleges that CSIP maintains a "not recommended" site, and allegedly ran advertisements targeting Plaintiff in June and July of 2019, asking consumers to "Choose a Safe

---

[4] Plaintiff also claims that additional non-parties, including Bing, "incorporated" the Not Recommended List into their search results and displayed warning boxes that NABP includes Plaintiff's website on the NRL. Compl. ¶ 134.

| DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM – 9 | **GORDON REES SCULLY MANSUKHANI, LLP**<br>1300 SW Fifth Avenue, Suite 2000<br>Portland, OR 97201<br>Telephone: (503) 222-1075<br>Facsimile: (503) 616-3600 |
|---|---|

Pharmacy" and stating "It's Not Worth the Risk." *Id.* ¶¶ 93-94. The advertisements were funded by a grant from Google, a CSIP member; Plaintiff does *not* allege these advertisements were coordinated with LegitScript. *Id.* ¶ 93. In fact, Plaintiff does not allege that LegitScript was involved in *any* way with the advertisements allegedly run by CSIP.

The sole *factual* allegations purporting to link LegitScript to the alleged conspiracy are: (1) LegitScript "developed a proposal to create a new gatekeeping function through the global domain name system" (Compl. ¶ 80); and (2) LegitScript "issued a false and misleading paid news release." (*Id.* ¶ 85(a)). As discussed below, such thin allegations are insufficient to fairly state a claim.

### III.   LEGAL STANDARD

When ruling on a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Nielsen v. Rabin, 746 F.3d 58, 62 (2d Cir. 2014). The Court, however, is not required to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678 (quotation marks omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Specifically, the plaintiff must allege facts sufficient to show "more than a sheer possibility that a defendant has acted unlawfully," *id.*, and if the plaintiff has not "nudged [his] claims

DEFENDANT'S MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM – 10

GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

across the line from conceivable to plausible, [the] complaint must be dismissed," *Twombly*, 550 U.S. at 570.

Moreover, "for plaintiffs bringing a claim under Section 1 of the Sherman Act—particularly those relying on evidence of parallel business conduct to establish a conspiracy—stating a plausible claim requires more. Such plaintiffs must plead 'some further factual enhancement' that places their alleged conduct in a context suggesting a preceding agreement." *In re Dynamic Random Access Memory (DRAM) Indirect Purchaser Antitrust Litigation*, 2022 WL 665236, at *1 (9th Cir. Mar. 7, 2022) (quoting *Twombly*, 550 U.S. at 557).

The Plaintiff here has entirely failed to meet this burden, and has not and cannot state a legally cognizable claim against LegitScript.

### IV.    ARGUMENT

#### A.    PLAINTIFF FAILS TO STATE A CLAIM AGAINST LEGITSCRIPT

To sufficiently allege a claim under Section 1 of the Sherman Act, "a plaintiff must allege facts showing '(1) a contract, combination or conspiracy among two or more persons or distinct business entities; (2) by which the persons or entities intended to harm or restrain trade or commerce . . .; (3) which actually injures competition.'" *DRAM*, 2022 WL 665236 at *3 (quoting *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1047 (9th Cir. 2008)). "The 'crucial question' prompting Section 1 liability is 'whether the challenged anticompetitive conduct stems from lawful independent decision or from an agreement, tacit or express.'" *Id.* (quoting *Twombly*, 550 U.S. at 553 (internal quotations omitted)).

A complaint alleging violations of Section 1 "must contain sufficient factual matter, taken as true, to plausibly suggest that an illegal agreement was made." *Id.* (quoting *Twombly*,

550 U.S. at 556, determining whether a complaint sufficiently states a claim under Section 1 "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of illegal agreement… [A]n allegation of parallel conduct and a bare assertion of conspiracy will not suffice.").

It is black letter law that the antitrust laws contain "a basic distinction between concerted and independent action." *Monsanto Co. v. Spray-Rite Serv. Corp.*, 465 U.S. 752, 761 (1984). "Determining whether a complaint states a plausible claim for relief" requires that the Court "draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679. Where, as here, a plaintiff is alleging violations of Section 1 based on "parallel conduct among business competitors that could just as well be lawful independent action[,]" the complaint "must include additional factual allegations that place the parallel conduct in a context suggesting a preceding agreement." *DRAM*, 2022 WL 665236, at *3 (quoting *Twombly*, 550 U.S. at 557). A plaintiff must "make allegations that plausibly suggest that each [d]efendant participated in the alleged conspiracy." *In re Cathode Ray Tube (CRT) Antitrust Litigation*, 738 F.Supp.2d 1011, 1019 (N.D. Ca. 2010) (quoting *In re TFT-LCD (Flat Panel) Antitrust Litigation*, 599 F.Supp.2d 1179, 1185 (N.D. Ca. 2009) ("at the heart of an antitrust conspiracy is an agreement and a conscious decision by each defendant to join it").

Taking the allegations in the Complaint as a whole, Plaintiff has failed to adequately plead an antitrust claim against LegitScript. Plaintiff presents a wholly implausible conspiracy theory on its face that requires unwarranted inferences from facts that, instead, demonstrate only unilateral conduct, lawful coordination, and independent or parallel action.

DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM – 12

GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

Specifically, Plaintiff fails to allege facts establishing that LegitScript entered into any purported agreement, much less that LegitScript made a "conscious decision" to join any alleged agreement. *TFT-LCD*, 586 F.Supp.2d at 1117. Indeed, Plaintiff's Complaint focuses chiefly on wholly *unilateral* action, and conclusory allegations of LegitScript's supposed *attempts* to persuade others to agree to interfere with Plaintiff's contractual relationships with the so-called "gatekeepers." But unilateral acts and unconsummated alleged agreements cannot form the basis of a conspiracy as a matter of law. *Monsanto,* 465 U.S. at 761. As decades of case law makes clear, Sherman Act Section 1 does not reach the conduct of a single firm: "[i]ndependent action is not proscribed." *Id*.

Plaintiff alleges no *facts* supporting the existence of any unlawful agreement. Nowhere in the Complaint does Plaintiff, as it must, offer "sufficiently specific allegations concerning [LegitScript's] participation in the alleged unlawful meetings and agreements[.]" *In re California Bail Bond Antitrust Litigation*, 511 F.Supp.3d 1031, 1047 (N.D.Cal. 2021) (quoting *CRT*, 738 F.Supp.2d at 1019-22). Plaintiff does not allege that LegitScript was involved in the alleged decision to add it to NABP's NRL, other than a meeting which occurred a *decade* earlier. Compl. ¶ 92. Nor does Plaintiff allege LegitScript was involved in certain "industry meetings" wherein broad industry efforts to ensure patient safety were allegedly addressed; rather, these meetings are alleged to have been attended by NABP, CSIP and ASOP. *Id.* ¶¶ 71, 72, 73.

The Complaint does include irrelevant allegations of plainly lawful coordination, including allegations regarding LegitScript's membership in ASOP and CSIP. *See* Compl. ¶¶ 67-68. But courts are clear that industry efforts such as voluntary certifications by trade associations and standard setting organizations are not "walking conspiracies." *AD/SAT, Div. of Skylight, Inc.*

DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM – 13

GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

*v. Associated Press*, 181 F.3d 216, 234 (2d Cir. 1999) (upholding summary judg-ment in favor of defendants: "we require a factual showing that each defendant conspired in violation of the antitrust laws, and have not adopted a walking conspiracy theory in place of such a showing."); *Wilk v. Am. Med. Ass'n*, 895 F.2d 352, 374 (7th Cir. 1990) (affirming dismissal in favor of defendants as plaintiff failed to prove any antitrust injury: "a trade association is not, just because it involves collective action by competitors, a 'walking conspiracy.'"); *Consolidated Metal Products, Inc. v. American Petroleum Institute*, 846 F.2d 284, 292 (5th Cir.1988) (trade association's seal of approval for particular product, without constraining others to follow the recommendation, does not violate antitrust laws). Again, Plaintiff is required to plead (and ultimately prove) a "meeting of minds." *Twombly*, 550 U.S. at 557. There is no such allegation here, nor likely could there be consistent with Fed. R. Civ. P. 11.

Finally, Plaintiff asks the Court to infer a conspiracy from parallel behavior, that LegitScript and other advocacy organizations with similar interests and goals (promoting public health and the safety of the drug supply) published purportedly similar language at different times flagging the very real risks that can arise from "internet drug outlets" or "online international pharmacy sales." Compl. ¶¶ 69-73, 85-86. But Plaintiff must allege *more* than parallel conduct. *Twombly*, 550 U.S. at 557; *Theatre Enters, Inc. v. Paramount Film Distrib. Corp.*, 346 U.S. 537, 541 (1954) ("this Court has never held that proof of parallel business behavior conclusively establishes agreement, or phrased differently, that such behavior itself constitutes a Sherman Act offense"). Plaintiff has not met this requirement—it has pointed to nothing suggesting the required preceding meeting of the minds under Section 1 of the Sherman Act and has not included "additional factual allegations that place the parallel conduct in a

DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM – 14

GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

context suggesting a preceding agreement." *DRAM*, 2022 WL 665236, at *3 (quoting *Twombly*, 550 U.S. at 557). In other words, absent additional credible allegations, as a matter of law such an inference may not be raised.

Once its conclusory allegations are stripped away, Plaintiff offers merely two allegations against LegitScript regarding LegitScript's purported overt acts in furtherance of the alleged conspiracy: (1) LegitScript "developed a proposal to create a new gatekeeping function through the global domain name system" (Compl. ¶ 80); and (2) LegitScript "issued a false and misleading paid news release."[5] (Compl. ¶ 85(a)). But these two allegations do nothing to suggest a "conscious decision" by LegitScript to join any alleged agreement, which is required in order for the claim to survive this motion. *TFT-LCD*, 586 F.Supp.2d at 1117.

Plaintiff thus relies solely on LegitScript being an alleged direct competitor of Plaintiff. From that flimsy factual basis, Plaintiff offers the conclusory allegation that LegitScript is part of the alleged conspiracy. Such factual allegations are insufficient to plausibly suggest that LegitScript engaged in unlawful concerted conduct – an essential element of this cause of action.

In short, Plaintiff simply fails to allege a plausible link between LegitScript and the purported conspiracy. The absence of such a link warrants dismissal. *CRT*, 738 F.Supp.2d at 1019 (N.D. Ca. 2010); *TFT-LCD*, 599 F.Supp.2d at 1185 (N.D.Cal. 2009); *see also, In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 905 (6th Cir. 2009) ("a few stray statements

---

[5] This allegation is also insufficient for the reasons stated in *Mercatus Group, LLC v. Lake Forest Hosp.*, 642 F.3d 834 (7th Cir. 2011). Specifically, the court held that "[t]he genuine anticompetitive effects of false and misleading statements about a competitor are minimal, at best." *Id.* at 852, citing *National Ass'n of Pharmaceutical Mfrs. v. Ayerst Labs.*, 850 F.2d 904, 916 (2d Cir. 1988).

| DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM – 15 | GORDON REES SCULLY MANSUKHANI, LLP<br>1300 SW Fifth Avenue, Suite 2000<br>Portland, OR 97201<br>Telephone: (503) 222-1075<br>Facsimile: (503) 616-3600 |
|---|---|

speak[ing] directly of agreement . . . are merely legal conclusions resting on [] prior allegations" (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007))).

B.   **PLAINTIFF'S CLAIM IS BARRED BY THE STATUTE OF LIMITATIONS**

Assuming *arguendo* that these scant allegations against LegitScript adequately state an antitrust claim, they cannot do so to the extent they concern conduct occurring before the limitations period. A Sherman Act claim must be commenced "within four years after the cause of action accrued." 15 U.S.C. § 15b. The law is clear that "[i]f the allegations […] show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Jones v. Bock*, 549 U.S. 199, 215 (2007). As courts have long held, "[s]tatutes of limitations are not simply technicalities. On the contrary, they have long been respected as fundamental to a well-ordered judicial system." *Bd. of Regents of Univ. of State of N. Y. v. Tomanio*, 446 U.S. 478, 487 (1980).

Here, the factual allegations against LegitScript, discussed above, concern conduct which occurred in 2013-2014 and on August 13, 2015. Compl. ¶¶ 80, 85(a). The original complaint in this case was filed on August 13, 2019, in the Southern District of New York (the claim against LegitScript was subsequently severed and transferred to the District of Oregon). Thus, any allegations involving action by LegitScript pre-dating August 13, 2015 should not be considered. 15 U.S.C. § 15b.

Plaintiff may rely on an alleged continuing violation of the Sherman Act to overcome LegitScript's argument regarding the statute of limitations; however, such reliance would be unavailing. "To state a continuing violation of the antitrust laws in the Ninth Circuit, a plaintiff must allege that a defendant completed an overt act during the limitations period that meets two

DEFENDANT'S MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM – 16

GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

criteria: '1) it must be a new and independent act that is not merely a reaffirmation of a previous act; and 2) it must inflict new and accumulating injury on the plaintiff.'" *Samsung Electronics Co., Ltd. v. Panasonic Corp.*, 747 F.3d 1199, 1202 (9th Cir. 2014) (quoting *Pace Industries, Inc. v. Three Phoenix Co.*, 813 F.2d 234, 238 (9th Cir. 1987)).

Here, the sole alleged act by LegitScript within the limitations period (issuance of a press release on August 13, 2015) is indeed alleged to be a "reaffirmation of a previous act" as opposed to a "new and independent act," and thus cannot restart the statute of limitations for any acts which occurred before the limitations period. *Samsung*, 747 F.3d at 1202. Thus, any allegations involving action by LegitScript pre-dating August 13, 2015 should not be considered.

## V.   CONCLUSION

In sum, the Complaint fails to state a Sherman Act Section 1 claim against LegitScript because the Complaint is devoid of any factual allegations purporting to connect LegitScript to any alleged conspiracy. In the absence of these factual allegations, Plaintiff has not and cannot establish a "conscious decision" by LegitScript to join any alleged conspiracy, and the claim must fail. Moreover, the claim also fails to the extent it is premised upon conduct which occurring before the limitations period. Accordingly, for the forgoing reasons, Plaintiff's claim against LegitScript should be dismissed.

Dated: March 25, 2022                    Respectfully submitted,

GORDON REES SCULLY MANSUKHANI, LLP

By: *s/ Richard P. Sybert*
    Richard P. Sybert, OSB No. 833714
    rsybert@grsm.com
    John T. Mills (*Pro Hac Vice*)
    jtmills@grsm.com
    *Attorneys for Defendant LegitScript, LLC*

DEFENDANT'S MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM – 17

GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600