Richard P. Sybert, OSB No. 833714
Email: rsybert@grsm.com
Direct Dial: (619) 230-7768
GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Avenue, Suite 2000
Portland, OR  97201
Tel: (503) 222-1075
Fax: (503) 616-3600

John T. Mills (*Pro Hac Vice*)
Email: jtmills@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
One Battery Park Plaza, 28th Floor
New York, NY  10004
Tel: (212) 269-5500
Fax: (212) 269-5505

Attorneys for Defendant LegitScript, LLC

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| PHARMACYCHECKER.COM LLC, <br><br>               Plaintiff, <br><br> vs. <br><br> LEGITSCRIPT LLC, <br><br>               Defendant. | Case No. 3:22-cv-00252-SI <br><br> **DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** <br><br> **Request for Oral Argument** |

**REPLY MEMORANDUM IN SUPPORT**

As set forth in LegitScript's Opening Memorandum, the allegations in the Complaint

fall entirely short of the standards proscribed by *Twombly* and *Iqbal*, and cannot provide the

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM – 1

GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

necessary factual basis to state a claim. Moreover, Plaintiff's claim is also subject to dismissal to the extent the allegations against LegitScript concern conduct occurring before the limitations period.

## I.    PROCEDURAL HISTORY

Plaintiff's Opposition asserts that the arguments raised in LegitScript's Motion "have already been made, considered and rejected" in the transferee proceeding before the Southern District of New York ("SDNY"). That is flatly incorrect. While the SDNY denied arguments raised in the joint 12(b)(6) motion there as to *other* Defendants--ASOP, CSIP, NABP and PSM--the Court did *not* address the arguments raised in LegitScript's individual Rule 12(b)(6) motion. Dkt. 129. At oral argument on Plaintiff's motion to sever and transfer, the SDNY confirmed this point and specifically stated that the parties would be afforded the opportunity to address those arguments following transfer of the action. Therefore, following the filing of the instant Amended Complaint here in the District of Oregon, LegitScript is free to raise those arguments again.

## II.    ARGUMENT

### A.    PLAINTIFF FAILS TO STATE A CLAIM AGAINST LEGITSCRIPT

The law is clear that where, as here, a plaintiff is alleging violations of Sherman Act Section 1 based on "parallel conduct among business competitors that could just as well be lawful independent action[,]" the complaint "must include additional factual allegations that place the parallel conduct in a context suggesting a preceding agreement." *In re DRAM Indirect Purchaser Antitrust Litigation*, 28 F.4th 42, 47 (9th Cir. 2022) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A plaintiff must "make allegations that plausibly suggest

| DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM – 2 | **GORDON REES SCULLY MANSUKHANI, LLP**<br>1300 SW Fifth Avenue, Suite 2000<br>Portland, OR 97201<br>Telephone: (503) 222-1075<br>Facsimile: (503) 616-3600 |
|---|---|

that each [d]efendant participated in the alleged conspiracy." *In re Cathode Ray Tube (CRT) Antitrust Litigation*, 738 F.Supp.2d 1011, 1019 (N.D.Cal. 2010) (quoting *In re TFT-LCD (Flat Panel) Antitrust Litigation*, 599 F.Supp.2d 1179, 1185 (N.D.Cal. 2009) ("at the heart of an antitrust conspiracy is an agreement and a conscious decision by each defendant to join it").

Here, Plaintiff does not meet this standard, whether by way of its Amended Complaint or Opposition to LegitScript's Motion, as the Complaint fails entirely to allege facts establishing that LegitScript entered into any purported agreement, much less that LegitScript made a "conscious decision" to join any alleged agreement. *TFT-LCD*, 586 F.Supp.2d at 1117.

It bears repeating that the sole *factual* allegations purporting to link LegitScript to the alleged conspiracy are that LegitScript (1) "developed a proposal to create a new gatekeeping function through the global domain name system" (Compl. ¶ 80); and (2) "issued a false and misleading paid news release." (*Id.* ¶ 85(a)).

Plaintiff's Opposition argues that the Complaint "provides myriad detailed allegations of LegitScript's participation in the [alleged] conspiracy[,]" and that the Complaint thus meets the requisite standard of plausibly, yet fails to allege any specific factual allegation purporting to connect LegitScript to the alleged conspiracy. Rather, Plaintiff rehashes the allegations in the Complaint which impermissibly group together all of the named defendants as purported "co-conspirators." As set forth in LegitScript's Motion, these allegations are insufficient to fairly state a claim. *DRAM*, 2022 WL 665236, at *3 (quoting *Twombly*, 550 U.S. at 557) (Sherman Act requires "additional factual allegations that place the parallel conduct in a context suggesting a preceding agreement").

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM – 3

GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

Plaintiff's argument in its Opposition primarily focuses on a laundry list of "plus factors" which Plaintiff alleges bring the allegations in the Complaint across the plausibility standard, but each of which is insufficient in and of itself, and therefore collectively offer no relief.

***First***, Plaintiff admits that LegitScript's membership in ASOP and CSIP "alone is not enough" (Opp. at p. 12), but argues that the Complaint alleges that LegitScript brought two of the alleged co-conspirators into existence – namely, ASOP and CSIP – and that the alleged factual allegations of <u>their</u> conduct sufficiently connect LegitScript to the purported conspiracy. Opp. pp. 11-12.  But Plaintiff fails to identify <u>any</u> factual allegations purporting to connect *LegitScript* to the actual alleged actions of these supposed co-conspirators.  This is entirely insufficient.  *See In re Citric Acid Litig.*, 91 F.3d 1090, 1097-98 (9th Cir. 1999) (refusing to infer liability by virtue of membership in trade association when plaintiff provided no evidence meetings were used to pursue unlawful ends).  Again, Plaintiff is required to plead (and ultimately prove) a "meeting of minds." *Twombly*, 550 U.S. at 557. There is no such allegation here, nor likely could there be consistent with Fed. R. Civ. P. 11.

***Second***, Plaintiff argues that "LegitScript forged relationships with internet search companies to persuade them to exclude PharmacyChecker.com."  Opp. at p. 12.  However, nowhere in the Complaint does Plaintiff allege any *facts* supporting this untethered conclusion. Thus, this conclusion is entitled to no deference whatsoever.  *In re California Bail Bond Antitrust Litigation*, 511 F.Supp.3d 1031, 1048-49 (N.D.Cal. 2021) (dismissing complaint where the plaintiff failed to plead factual allegations demonstrating "how or when" the defendants allegedly committed acts in furtherance of the purported conspiracy).

***Third***, Plaintiff argues that "LegitScript provided technical support to at least one co-conspirator to support its efforts to exclude PharmacyChecker.com and other so-called 'rogue' sites." Opp. at p. 12.  In support of this argument, Plaintiff again relies on actions of alleged co-conspirator CSIP, and no actions of *LegitScript*.  *Id.*  Rather, Plaintiff purports to connect LegitScript with the alleged actions of CSIP by virtue of the mere fact that CSIP operated a website which used certain tools managed by LegitScript.  *Id.*  This is unavailing.  First, Plaintiff fails to identify any factual allegation, as opposed to a naked conclusion, that LegitScript actually committed any affirmative act; rather, Plaintiff alleges that CSIP simply used tools powered by LegitScript.  Second, and more importantly, any such conduct is entirely consistent with LegitScript's business purposes and does not provide any credible allegation of an agreement between CSIP and LegitScript to do anything illegal.  *See, e.g.*, *In re Elevator Antitrust Litig.*, 502 F.3d 47, 51 (2d Cir. 2007) (absent sufficient factual allegations to infer a conspiracy, mere use of services is "just as much in line with a wide swath of rational and competitive business strategy"; while this allegation "gets the complaint close to stating a claim, [] without further factual enhancement it stops short of the line between possibility and plausibility of entitlement to relief") (quoting *Twombly*, 550 U.S. at 557).

***Fourth***, Plaintiff argues that "LegitScript worked with its co-conspirators to erect additional barriers to exclude PharmacyChecker.com and others." Opp. at p. 13.  Again, Plaintiff tries to bootstrap allegations of *other* parties' conduct into plausible claims against LegitScript by alleging "conspiracy," but without a sufficient factual basis to tie them together.  Plaintiff again alleges in a conclusory fashion that "LegitScript jointly developed a new global domain name system" but that *NABP* – not LegitScript – "endors[ed] and persuad[ed] others to use

| DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM –  5 | **GORDON REES SCULLY MANSUKHANI, LLP**<br>1300 SW Fifth Avenue, Suite 2000<br>Portland, OR 97201<br>Telephone: (503) 222-1075<br>Facsimile: (503) 616-3600 |
|---|---|

LegitScript's services." *Id.* There is no factual allegation purporting to connect *LegitScript* to the actions of NABP, an entity in which Plaintiff does not allege LegitScript has any interest. This is, once again, insufficient. *California Bail Bond Antitrust Litigation*, *supra* at 1047 (quoting *CRT*, 738 F.Supp.2d at 1019-22) (dismissing complaint where the plaintiff failed to plead factual allegations demonstrating "how or when" the defendants allegedly committed acts in furtherance of the purported conspiracy).

Throughout its Opposition, Plaintiff attempts to blur the line between conduct that is "just as much in line with a wide swath of rational and competitive business strategy," and unlawful concerted action in violation of the Sherman Act. *Elevator Antitrust Litig.*, *supra,* 502 F.3d at 51. The former, which is the only conduct alleged here, cannot sustain a claim as a matter of law. *Id.* While Plaintiff's argument is correct that lawful conduct can support a conspiracy claim, its own cited cases in the Opposition note that a prerequisite to sustaining a Sherman Act claim based on lawful conduct is that the complaint contain sufficient factual allegations purporting to <u>connect</u> the alleged conspirator to the conspiracy. . *See* Opp. at pp. 13-14 (citing *Laumann v. NHL*, 56 F.Supp.3d 280 (S.D.N.Y. 2014); *United States v. Lischewski*, 2019 U.S. Dist. LEXIS 88195 (N.D.Cal. May 24, 2019). Such allegations are missing here.

In sum, throughout both the Complaint and Opposition, Plaintiff fails to allege any *facts* supporting the existence of any unlawful agreement. Nowhere does Plaintiff, as it must, offer "sufficiently specific allegations concerning [LegitScript's] participation in the alleged unlawful meetings and agreements[.]" *In re California Bail Bond Antitrust Litigation*, 511 F.Supp.3d 1031, 1047 (N.D.Cal. 2021) (quoting *CRT*, 738 F.Supp.2d at 1019-22); *TFT-LCD*, 599 F.Supp.2d at 1185 (N.D.Cal. 2009); *see also, In re Travel Agent Comm'n Antitrust Litig.*, 583

| DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM – 6 | **GORDON REES SCULLY MANSUKHANI, LLP**<br>1300 SW Fifth Avenue, Suite 2000<br>Portland, OR 97201<br>Telephone: (503) 222-1075<br>Facsimile: (503) 616-3600 |
|---|---|

F.3d 896, 905 (6th Cir. 2009) ("a few stray statements speak[ing] directly of agreement . . . are merely legal conclusions resting on [] prior allegations" (*quoting Twombly*, 550 U.S. at 564).

B.  **PLAINTIFF'S CLAIM IS BARRED BY THE STATUTE OF LIMITATIONS**

Plaintiff argues in its Opposition that the statute of limitations for its alleged claims began to run when Plaintiff was allegedly injured by the alleged acts of co-conspirators (not LegitScript) in 2018 and 2019, and thus any allegations of conduct by LegitScript occurring before the limitations period is not barred. Opp. at pp. 14-18. This argument is without merit, and again tries to bootstrap barred conduct and claims through the simple unsupported assertion of "conspiracy." Plaintiff fails to allege that LegitScript committed a "new and independent act that is not merely a reaffirmation of a previous act." *Samsung Electronics Co., Ltd. v. Panasonic Corp.*, 747 F.3d 1199, 1202 (9th Cir. 2014) (quoting *Pace Industries, Inc. v. Three Phoenix Co.*, 813 F.2d 234, 238 (9th Cir. 1987)).

Indeed, Plaintiff's Opposition *admits* that, even under Plaintiff's unsupported theory, "LegitScript and its [alleged] co-conspirators have been part of an ongoing conspiracy for more than a decade" and that Plaintiff's "alleged injury did not occur until December 2018." Opp. at p. 14. This admission alone is fatal to Plaintiff's argument, and any conduct which occurred prior to August 13, 2015 is barred by the applicable limitations period, as the sole alleged act by LegitScript within the limitations period (issuance of a press release on August 13, 2015) is indeed alleged to be a "reaffirmation of a previous act" as opposed to a "new and independent act," and thus cannot restart the statute of limitations for any acts which occurred before the limitations period. *Samsung*, 747 F.3d at 1202. Thus, any allegations involving action by LegitScript pre-dating August 13, 2015 should not be considered.

## V. CONCLUSION

Dismissal of the Complaint against LegitScript is warranted, as Plaintiff fails to identify any factual allegation purporting establish a "conscious decision" by LegitScript to join any alleged conspiracy. Plaintiff's claims also fail to the extent premised upon conduct occurring before the limitations period. For these reasons, the Complaint should be dismissed.

Dated: April 15, 2022

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI, LLP

By: *s/ Richard P. Sybert*
Richard P. Sybert, OSB No. 833714
rsybert@grsm.com
John T. Mills (*Pro Hac Vice*)
jtmills@grsm.com
*Attorneys for Defendant LegitScript, LLC*

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM – 8

GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600