Richard P. Sybert, OSB No. 833714
Email: rsybert@grsm.com
Direct Dial: (619) 230-7768
GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Tel: (503) 222-1075
Fax: (503) 616-3600

John T. Mills (*Pro Hac Vice*)
Email: jtmills@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
One Battery Park Plaza, 28th Floor
New York, NY 10004
Tel: (212) 269-5500
Fax: (212) 269-5505

*Attorneys for Defendant LegitScript, LLC*

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| PHARMACYCHECKER.COM LLC, <br><br> Plaintiff, <br><br> vs. <br><br> LEGITSCRIPT LLC, <br><br> Defendant. | Case No. 3:22-cv-00252-SI <br><br> **DEFENDANT'S MOTION TO STAY** <br><br> **Request for Oral Argument** |

## LR 7-1 CERTIFICATION

The undersigned counsel for Defendant LegitScript LLC ("LegitScript") certifies that he conferred with counsel for Plaintiff PharmacyChecker.com LLC ("Plaintiff" or "PharmacyChecker"). Counsel was unable to resolve the dispute.

**MOTION**

LegitScript submits this memorandum of law in support of its motion to dismiss the Amended Complaint ("Complaint") of Plaintiff pursuant to the Federal Rules of Civil Procedure, Local Civil Rules of the District of Oregon and this Honorable Court's inherent authority. For the reasons set forth herein, LegitScript's motion should be granted, and the instant action should be stayed pending resolution of the motion for summary judgment filed in *PharmacyChecker.com LLC v. National Association of Boards of Pharmacy et al.*, United States District Court for the Southern District of New York, Case No. 7:19-cv-07577-KMK ("New York Lawsuit").

**MEMORANDUM IN SUPPORT**

Plaintiff initially brought this case against LegitScript, National Association of Boards of Pharmacy ("NABP"), Alliance for Safe Online Pharmacies ("ASOP"), Center for Safe Internet Pharmacies Ltd. ("CSIP") and Partnership for Safe Medicines, Ltd. ("PSM") in the Southern District of New York. The operative Amended Complaint in the New York Lawsuit and the instant action are exactly the same – each and every factual allegation is the same, and each and every harm allegedly suffered by Plaintiff is founded upon these same factual allegations. The legal sufficiency of the factual allegations and harms allegedly suffered by Plaintiff is presently awaiting adjudication by Judge Karas in the New York Lawsuit.

Indeed, as Plaintiff concedes, NABP, ASOP, CSIP and PSM have moved for summary judgment arguing that Plaintiff lacks antitrust standing because the primary purpose of its business is to facilitate illegal conduct by others, namely assisting consumers in the United States in importing prescription drugs for their personal use from pharmacies located in other countries. To the extent that Judge Karas grants the motion for summary judgment in the New York Lawsuit,

DEFENDANT'S MOTION TO STAY – 2

GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

Plaintiff's claims here would be barred under the doctrine of collateral estoppel, and dismissal of the claims against LegitScript would also be warranted. For these reasons, discussed more fully herein, in the interests of judicial economy, to avoid waste of judicial and party resources, and to prevent any prejudice that LegitScript may suffer from litigating a case that should not have been brought in the first place it is respectfully requested that, this Honorable Court enter a stay of the instant matter pending resolution of the summary judgment motion in the New York Lawsuit.

## I.   PROCEDURAL HISTORY

In the interests of brevity and judicial economy, LegitScript respectfully refers the Court to the "Procedural History" Section of its Motion to Dismiss for a complete factual summary of the allegations set forth in the Amended Complaint, and hereby incorporates that section by reference. Dkt. 238. As is relevant to the instant motion, following severance and transfer of the claim against LegitScript from the Southern District of New York to this Court, LegitScript filed a motion to dismiss the Amended Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), which Plaintiff opposed. Dkt. 238-240. After oral argument, the Court denied LegitScript's motion, holding that, at the pleading stage, the allegations against LegitScript in the Amended Complaint are sufficient to state a claim for violation of the Sherman Act. Dkt. 244. On August 15, 2022, LegitScript interposed its answer to the Amended Complaint. Dkt. 245.

The Parties conducted their Rule 26 conference and submitted their joint Rule 26(f) report, together with their respective positions regarding a stay of this matter pending resolution of the pending motion for summary judgment filed by ASOP, CSIP, NABP and PSM in the New York Lawsuit and/or phased discovery of the matter. Dkt. 246, 248-249. As set forth therein, it is LegitScript's position that this matter should be stayed pending resolution of the motion for

summary judgment in the New York Lawsuit or, in the alternative, that discovery should be phased, with the first phase of discovery focusing on Plaintiff's alleged injuries and whether those injuries are sufficient to confer standing under the Sherman Act. Dkt. 246, 249. Plaintiff disagrees and takes a different position. Dkt. 248.

On October 13, 2022, the Court conducted a Rule 16 scheduling conference and entered a Case Management Order setting deadlines for the completion of discovery. Dkt. 251. While the Court denied LegitScript's request for phased discovery of the matter, the Court entered the Order "without prejudice to [LegitScript]'s right to file a motion to stay proceedings pending resolution of the summary judgment motion that has been fully briefed in the New York Lawsuit, if [LegitScript] believes that it can satisfy the legal criteria for the Court to grant such a motion." Dkt. 251. As set forth more fully herein, LegitScript has satisfied the legal criteria for this Court to grant a motion to stay, and the instant motion should be granted.

## II.    FACTUAL ALLEGATIONS

In the interests of brevity and judicial economy, LegitScript respectfully refers the Court to the "Factual Allegations" Section of its Motion to Dismiss for a complete factual summary of the allegations set forth in the Amended Complaint, and hereby incorporates that section by reference. Dkt. 238. As is relevant to the instant motion, LegitScript notes that the Amended Complaint is the same Amended Complaint that was filed in the New York Lawsuit (as Plaintiff did not refile a separate Amended Complaint against LegitScript following the severance and transfer of the claim against LegitScript to this Court), which purports to allege a conspiracy in violation of the Sherman Antitrust Act against LegitScript, as well as ASOP, CSIP, NABP and PSM. Dkt. 82. The factual allegations and harms allegedly suffered by Plaintiff are the exact

DEFENDANT'S MOTION TO STAY – 4

GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

same against all Defendants—namely that Plaintiff has been allegedly harmed as a result of a "decade-long scheme . . . to restrain trade in the markets for online pharmacy verification services and comparative drug pricing information.". Dkt. 82, 239. As set forth more fully herein, the identical claims, factual allegations, and alleged harm weigh heavily in favor of a stay of the instant matter pending resolution of the motion for summary judgment in the New York Lawsuit.

### III.    LEGAL STANDARD

"A court's decision to grant a stay is 'generally left to the sound discretion of district courts.'" *Luna v. Girgis*, 2022 WL 3012167, at *1 (C.D. Cal. Jun. 30, 2022) (quoting *Ryan v. Gonzales*, 568 U.S. 57, 74 (2013) (internal quotations omitted). "A court's power to 'stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with the economy of time and effort for itself, for counsel, and for litigants.'" *Luna*, 2022 WL 3012167, at *1 (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Courts may also "enter a stay of an action pending before it, pending resolution of independent proceedings which bear upon the case whether the separate proceedings are judicial, administrative or arbitral in character, and need not be necessarily controlling of the action before the court." *Luna*, 2022 WL 3012167, at *1 (quoting *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-63 (9th Cir. 1979)).

When determining whether a stay of an action is warranted pending resolution of an independent proceeding, the Court should consider the "competing interests" of the parties to the litigation, including "possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law

which could be expected to result from a stay." *American Honda Motor*, 2012 WL 2921515, at *4 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)) (internal quotations omitted); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005); *Center for Biological Diversity v. Henson*, 2009 WL 1882827, at *2 (D. Or. Jun. 30, 2009) (assessing whether a stay is warranted "is best accomplished by the exercise of judgment, which must weigh competing interests and maintain an even balance") (citing *Landis*, 299 U.S. at 254-55) (internal quotations omitted); *Aircraft Investor Resources, LLC v. Gulf Aircraft Maintenance Co.*, 2006 WL 8459699, at *3 (D. Or. Apr. 26, 2006) (listing factors) (citing *Levya*, 593 F.3d at 863, *Fujikawa v. Gushiken*, 823 F.2d 1341, 1347 (9th Cir. 1989) and *Cohen v. Carreon*, 94 F. Supp. 2d 1112, 1115 (D. Or. 2000)). Additionally, the Court must consider whether "it appears likely other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented in this court." *Levya*, 593 F.2d at 864; *see also American Honda Motor Co., Inc. v. St. Paul Fire & Marine Ins. Co.*, 2012 WL 2921515, at *3 (D. Or. Jun. 20, 2012) (citing *Center for Biological Diversity v. Henson*, 2009 WL 1882827, at *3 (D. Or. Jun. 30, 2009)).

## IV. ARGUMENT

### A. A STAY OF THE MATTER IS WARRANTED AND APPROPRIATE

Here, as discussed more fully below, a stay of the instant matter pending resolution of the motion for summary judgment in the New York Lawsuit is warranted because: (1) the motion has already been fully briefed and is pending with Judge Karas for scheduling of oral argument and/or a decision; (2) a stay will not prejudice Plaintiff; (3) a stay will reduce the financial hardship on LegitScript; and (4) a stay could streamline the course of litigation and the scope of discovery of the claim against LegitScript. *See Williams v. Nationstar Mortgage, LLC*, 2016 WL 6905382, at

DEFENDANT'S MOTION TO STAY – 6

GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

*2-*3 (D. Or. Nov. 30, 2016) (granting stay of matter because "the stay defendant seeks will be short, will not prejudice plaintiffs, could reduce the financial hardship on defendant, and could streamline the litigation, thereby preserving the orderly course of justice by improving efficiency of the court's docket . . ."). Thus, LegitScript's motion should be granted.

i.   **Potential Prejudice to the Non-Moving Party if the Action is Stayed**

Granting a stay of this matter pending resolution of the motion for summary judgment in the New York Lawsuit will pose no conceivable prejudice to Plaintiff. As discussed above, the New York Lawsuit and the instant action against LegitScript are premised upon the very same factual allegations and, indeed, the same operative First Amended Complaint. While the cases are proceeding in two separate courts because the Southern District of New York determined that it did not have personal jurisdiction over LegitScript, the two cases are one in the same. Thus, Plaintiff could not conceivably claim any prejudice that would result from a stay of the matter when the first phase of discovery in the New York Lawsuit has been completed, the defendants in the New York Lawsuit have filed a motion for summary judgment arguing that Plaintiff lacks antitrust standing, and there is no further discovery or litigation being conducted in the New York Lawsuit while the motion for summary judgment is pending. *See* New York Lawsuit, Dkt. 224 (declining to enter a phase 2 discovery scheduling order pending conclusion of phase 1 discovery). Stated differently, advancing Plaintiff's claim against LegitScript in this Court will not advance any issue while the New York Lawsuit remains stayed pending resolution of the motion for summary judgment.

Further, similar to the plaintiff in *Center for Biological Diversity* (2009 WL 1882827, at *2-*3), while Plaintiff here sought a preliminary injunction (which was denied) in the New York

DEFENDANT'S MOTION TO STAY – 7

GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

Lawsuit, that preliminary injunction was sought against NABP – *i.e.*, Plaintiff does not allege any irreparable harm against LegitScript, but rather seeks to recover damages as a result of LegitScript's conduct. Thus, Plaintiff cannot conceivably claim any prejudice resulting from stay of discovery on its claims against LegitScript. *See Aircraft Investor*, 2006 WL 8459699, at *4 (claims of harm by plaintiff from continued conduct by defendants insufficient to justify denial of motion to stay, particularly where plaintiff did not move for preliminary injunction).

Lastly, any such stay would be "relatively short," as the motion for summary judgment in the New York Litigation has been fully briefed and is pending with Judge Karas for a decision and/or scheduling of oral argument, which further demonstrates the lack of any prejudice to Plaintiff. *See Williams*, 2016 WL 6905382, at *2 (granting stay where case was in early stage of proceedings and stay is unlikely to be lengthy because the motion in the related case was fully briefed and oral argument was conducted); *see also Center for Biological Diversity*, 2009 WL 1882827, at *3 ("A six month stay in this case is reasonable in relation to the urgency of the claims presented in this court") (citations omitted).

In sum, while Plaintiff may claim that a stay of the matter would prejudice its right to seek discovery and litigate its claim against LegitScript in this Court, any such argument is without merit given the nature of the claim against LegitScript, the unquestionable intertwinement of the New York Litigation, and the hardship and inequity to LegitScript and the judicial resources that would be wasted if the action were not stayed, as discussed in further detail below. *See Williams*, 2016 WL 6905382, at *2 (any prejudice to plaintiffs outweighed by other factors) (citations omitted).

DEFENDANT'S MOTION TO STAY – 8

GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

**ii      Hardship and Inequity to the Moving Party if the Action is Not Stayed**

Given the lack of prejudice to Plaintiff if a stay were granted, this Court need not consider whether any hardship or inequity would result to LegitScript if the action were not stayed. *See Center for Biological Diversity*, 2009 WL 1882827, at *4 ("there is not a fair possibility that a stay in this case will work damage to plaintiffs, and, as such, the hardship and inequity of defendants does not come into play"). Nonetheless, it is clear that LegitScript would suffer hardship and inequity if a stay were not granted.

LegitScript should not be forced to defend itself and incur unnecessary time and expenses in defending against a matter that arguably should not have been brought in the first place. While LegitScript acknowledges that certain courts have held that "being required to defend a suit and proceed to trial, without more, does not constitute a clear case of hardship," the importance of the other factors set forth in this motion, including, most notably, the narrowing of factual and legal issues, supports a grant of a stay here. *See Center for Biological Diversity*, 2009 WL 1882827, at *2 (citing *Lockyer*, 398 F.3d at 1112); *see also Cohen*, 94 F. Supp. 2d at 1117-18 (finding hardship to the defendants because time and money would be wasted needlessly litigating the same substantive issues when the other proceeding would likely eliminate, if not simplify, those issues); *Trees v. Service Employees International Union Local 503*, 574 F.Supp.3d 856, 869 (D. Or. 2021) (citing *Bangor Hydro Elec. Co. v. Bridgewell Res. LLC*, 2011 WL 13250919, at *3 (D. Or. Jul. 20, 2011) (finding that this factor weighed in favor of a stay when the similar issue was before another proceeding and when a factual determination in the other proceeding "would certainly clarify most, if not all, of the claims Bangor seeks in this action and would ultimately determine Bangor's need to proceed in this action"); *Williams*, 2016 WL 6905382, at *3 (granting stay where decision in

DEFENDANT'S MOTION TO STAY – 9

GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

separate proceeding "could lead to reduced discovery" which "would reduce the financial hardship defendant would sustain defending issues that could be rendered moot").

While LegitScript acknowledges that a decision on the summary judgment motion in the New York Lawsuit is not binding against it (because the Southern District of New York does not have personal jurisdiction over it), a decision on the summary judgment motion in the New York Lawsuit would have preclusive effect over the claim against LegitScript in this Court. As discussed above, the claim against the defendants in the New York Litigation and the claim against LegitScript here are the same exact claim, and the issue before the Court as presented in the defendants' motion for summary judgment in the New York Litigation is whether Plaintiff lacks antitrust standing because the primary purpose of its business is to facilitate illegal conduct by others, namely assisting consumers in the United States in importing prescription drugs for their personal use from pharmacies located in other countries. To the extent that the Southern District of New York grants the defendants' motion for summary judgment in the New York Litigation and determines that Plaintiff lacks antitrust standing, Plaintiff is barred from pursuing its claims against LegitScript in this Court under the doctrine of collateral estoppel. Plaintiff cannot conceivably argue that it can pursue separate cases alleging the same conspired conduct and same alleged harms and obtain a different result.

In order for the doctrine of collateral estoppel to apply, "(1) the issue at stake must be identical to the one alleged in the prior litigation; (2) the issue must have been actually litigated in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action." *Clark v. Bear Sterns & Co., Inc.*, 966 F.2d 1318, 1320-21 (9th Cir. 1992) (quotations omitted). Each of these factors is clearly met

DEFENDANT'S MOTION TO STAY – 10

GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

here: (1) the claim against the defendants in the New York Lawsuit and the claim against LegitScript are, indeed, identical; (2) the issue of whether Plaintiff has antitrust standing to pursue its claim has been fully litigated in the New York Lawsuit, in that the motion for summary judgment has been fully briefed; and (3) the determination of whether Plaintiff has antitrust standing to pursue its claim is critical in necessary and, in fact, dispositive of the claim against the defendants in the New York Litigation and LegitScript here. While issue preclusion "need not apply in order for a stay of proceedings to be appropriate" (*Aircraft Investor*, 2006 WL 8459699, at *4 (citations omitted)), it is clear that the hardship or inequity which would result to LegitScript if the action were not stayed, when considered in light of the impact of a decision on the pending motion for summary judgment in the New York Lawsuit, weighs in favor of a stay here, and that LegitScript's motion should be granted.

### iii.    Judicial Resources That Would Be Saved

In addition to eliminating any hardship or inequity which would result to LegitScript, staying these proceedings until a decision is rendered on the summary judgment motion in the New York litigation would also "streamline the litigation, thereby preserving the orderly course of justice by improving efficiency of the court's docket," which further supports LegitScript's argument herein. *Williams*, 2016 WL 6905382, at *3 (citing *Levya*, 593 F.2d at 863); *see also Center for Biological Diversity*, 2009 WL 1882827, at *5 ("The result of a stay in this case will contribute to and simplify the decision of this court as to the ultimate issues in this case"). Here, as discussed above, a critical issue of whether Plaintiff has antitrust standing to pursue the claim asserted in the Amended Complaint is pending before the Southern District of New York in the New York Litigation. A decision on the motion for summary judgment in the New York Litigation

DEFENDANT'S MOTION TO STAY – 11

GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

will undoubtedly contribute to and simplify the decision of this Court as to the ultimate issues in this case.

By way of example, if the Southern District of New York were to grant the defendants' motion for summary judgment, as discussed above, it would bar Plaintiff's claims against LegitScript here under the doctrine of collateral estoppel. To the contrary, if the Southern District of New York were to deny the defendants' motion for summary judgment, whether in whole or in part, such a decision would clearly dictate the scope and path of discovery, dispositive motion practice and issues presented in the instant litigation. In order to satisfy this factor, courts have held that "[t]he issues need not be identical but need only to be simplified by granting a stay and awaiting a final ruling." *Service Employees*, 574 F.Supp.3d at 869-870 (citing *Landis*, 299 U.S. at 254 and *Cohen*, 94 F. Supp. 2d at 1117). Moreover, even where the parties dispute whether a decision in an unrelated proceeding will be given preclusive effect in this Court, in determining whether a stay is warranted, the Court need only determine whether, should the Court give the decision in the unrelated proceeding preclusive effect, it would significantly limit or simplify the case. *Id*. at 870. At a minimum, it is clear that a decision on the motion for summary judgment in the New York Litigation would dictate the scope and path of the litigation in this Court, and this factor supports a stay and the granting of LegitScript's motion.

## V.    CONCLUSION

In sum, a stay of the instant matter pending resolution of the motion for summary judgment in the New York Lawsuit is warranted because: (1) the motion has already been fully briefed and is pending with Judge Karas for scheduling of oral argument and/or a decision; (2) a stay will not prejudice Plaintiff; (3) a stay will reduce the financial hardship on LegitScript; and (4) a stay could

DEFENDANT'S MOTION TO STAY – 12

GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

streamline the course of litigation and the scope of discovery of the claim against LegitScript.

Accordingly, for the foregoing reasons, LegitScript's motion should be granted.

Dated: November 7, 2022

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI, LLP

By: *s/ John Mills*
Richard P. Sybert, OSB No. 833714
rsybert@grsm.com
John T. Mills (*Pro Hac Vice*)
jtmills@grsm.com
*Attorneys for Defendant LegitScript, LLC*

DEFENDANT'S MOTION TO STAY – 13

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600