IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **PHARMACYCHECKER.COM LLC**,<br><br>      Plaintiff,<br><br>      v.<br><br>**LEGITSCRIPT LLC**,<br><br>      Defendant. | Case No. 3:22-cv-252-SI<br><br>**OPINION AND ORDER DENYING MOTION TO STAY** |

Philip S. Van Der Weele, K&L GATES LLP, One SW Columbia Street, Suite 1900, Portland, OR 97204; Aaron R. Gott, BONA LAW PC, 331 Second Avenue South, Suite 420, Minneapolis, MN 55401; and James F. Lerner, BONA LAW PC, 287 Park Avenue South, Suite 422, New York, NY 10010. Of Attorneys for Plaintiff PharmacyChecker.com LLC.

Richard P. Sybert, GORDON REES SCULLY MANSUKHANI LLP, 1300 SW Fifth Avenue, Suite 2000, Portland, OR 97201; and John T. Mills, GORDON REES SCULLY MANSUKHANI LLP, One Battery Park Plaza, 28th Floor, New York, NY 10004. Of Attorneys for Defendant LegitScript LLC.

**Michael H. Simon, District Judge.**

## BACKGROUND

Before the Court is a motion filed by LegitScript LLC (LegitScript), the only Defendant in this federal antitrust lawsuit. LegitScript moves to stay this action until after the U.S. District Court for the Southern District of New York decides a pending motion for summary judgment in

PAGE 1 – OPINION AND ORDER DENYING MOTION TO STAY

the related case of *PharmacyChecker.com LLC v. National Association of Boards of Pharmacy et al.*, No. 7:19-cv-07577-KMK (SDNY) (New York Lawsuit).

In the New York Lawsuit, PharmacyChecker.com LLC (PharmacyChecker) originally sued five defendants, including LegitScript, alleging violations of federal antitrust law, among other claims. LegitScript moved to dismiss, arguing that the federal court in New York lacked personal jurisdiction over LegitScript, an Oregon company. U.S. District Judge Karas agreed with LegitScript, and PharmacyChecker then requested that its claim against LegitScript be transferred to the District of Oregon. In February 2022, Judge Karas transferred to this Court PharmacyChecker's claim against LegitScript. In March 2022, LegitScript moved to dismiss under Rule 12(b)(6). In July 2022, this Court denied that motion. ECF 244. The Court's Opinion and Order recites the background of this lawsuit and summarizes PharmacyChecker's factual allegations. *See id*. at 8-15. In October 2022, the Court set a case management schedule for this action. ECF 251.

In June 2022, the four remaining defendants in the New York Lawsuit moved for summary judgment against PharmacyChecker's antitrust claim, arguing that PharmacyChecker lacks antitrust standing. In that motion, the defendants in the New York Lawsuit argue that PharmacyChecker cannot show antitrust standing because the primary purpose of its business is to facilitate illegal conduct by others—namely, assisting consumers in the United States in importing prescription drugs for their personal use from certified pharmacies located in other countries. *See* ECF 248-1. PharmacyChecker opposes that motion, *see* ECF 248-2, which has been fully briefed. *See* ECF 248-3 (reply). The motion is awaiting decision.

On November 7, 2022, LegitScript filed the pending motion to stay until after the federal court in New York decides the motion for summary judgment filed by the remaining defendants

Case 3:22-cv-00252-SI    Document 256    Filed 12/08/22    Page 3 of 6

in that case. ECF 252.[1] For the reasons stated below, the Court denies LegitScript's motion to stay.

## DISCUSSION

"[T]he decision to grant a stay, like the decision to grant an evidentiary hearing, is 'generally left to the sound discretion of district courts.'" *Ryan v. Gonzales*, 568 U.S. 57, 74 (2013) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). The issues in the independent proceedings need not be controlling of the action before the court. *Id.* at 863-64. In applying its discretion, the district court must weigh competing interests between the parties and maintain an even balance, with the burden on the movant to show hardship:

> True, the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else. Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.

*Landis v. North Am. Co.*, 299 U.S. 248, 255 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 708 (1997) ("The proponent of a stay bears the burden of establishing its need."). Among the competing interests a court must consider are "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating

---

[1] The Court notes that in LegitScript's motion to stay, LegitScript stated that it "submits this memorandum of law in support of its motion to *dismiss* . . . ." ECF 252 at 2 (emphasis added). The Court, however, has already denied Defendant's motion to dismiss. ECF 244. Thus, the Court treats Defendant's pending motion as a motion to stay.

PAGE 3 – OPINION AND ORDER DENYING MOTION TO STAY

of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55).

LegitScript argues that a stay is warranted because: (1) the summary judgment motion filed in the New York Lawsuit treats the same issues and facts addressed here, has already been fully briefed, and is awaiting decision by Judge Karas; (2) a stay will not prejudice Plaintiff; (3) a stay will reduce the financial hardship on LegitScript; and (4) a stay could streamline the course of litigation (and the scope of discovery) against LegitScript through its preclusive effect. Plaintiff responds that LegitScript has not met its burden of establishing a need to delay this case for an indeterminate amount of time, debates the preclusive and streamlining effect of any decision in the New York Lawsuit, and asserts that PharmacyChecker and the public would be harmed if this Court were to delay evaluation of LegitScript's alleged anticompetitive conduct.

The Court agrees with PharmacyChecker that LegitScript has not met its burden of establishing a need for a stay. *See Clinton*, 520 U.S. at 708. Under *Landis*, a defendant must make out a "clear case of hardship or inequity." 299 U.S. at 255. The only hardship that LegitScript asserts is financial. "[B]ut being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Lockyer v. Mirant Corp.* 398 F.3d 1098, 1112 (9th Cir. 2005). Proceeding with discovery is a normal process of litigation, not an undue hardship. The Court also considers PharmacyChecker's "interest in bringing the case to trial," *Clinton*, 520 U.S. at 707, and the public's interest in enforcing antitrust laws in the market for prescription drugs.

LegitScript argues, however, that dispositive issues relevant to the discovery in this case remain pending in the New York Lawsuit. This argument stems from LegitScript's hypothesis that the decision in the New York Lawsuit would have preclusive, or at least persuasive, effect

on the issues before this Court.[2] Indeed, "the prospect of narrowing the factual and legal issues in the other proceeding" can justify a stay. *Lockyer*, 398 F.3d at 1112; *see also Ctr. for Biological Diversity v. Henson*, 2009 WL 1882827, at *3 (D. Or. June 30, 2009).

The only issue presented in the New York Lawsuit's pending motion is the legal question of whether PharmacyChecker lacks antitrust standing if its business is "completely or almost completely geared toward facilitating illegality." ECF 248-1 at 4-5. Even if the Southern District of New York grants summary judgment, it is unclear whether Ninth Circuit precedent on this issue would yield the same result. Courts generally have held that a plaintiff's wrongdoing is not a defense to an antitrust suit. *In re Dealer Mgmt. Sys. Antitrust Litig.*, 313 F. Supp. 3d 931, 946 (N.D. Ill. 2018) (collecting cases); *see also Memorex Corp. v. IBM Corp.*, 555 F.2d 1379, 1382 (9th Cir. 1977) ("[Plaintiff's] own illegal conduct did not divest it of an antitrust action.").

Some courts have held that if a plaintiff's business is *entirely* illegal, it lacks antitrust standing. *See, e.g.*, *Pearl Music Co. v. Recording Indus. Ass'n of Am., Inc.*, 460 F. Supp. 1060, 1068 (C.D. Cal. 1978) (finding that because the plaintiff's pirated cassette tape business was "totally illegal" in 49 states, it lacked "standing or capacity" to bring antitrust suit). It is unclear whether that is the situation here or whether resolution of that question will require a determination by a jury. Also, the Supreme Court has not yet resolved this question of law, and

---

[2] It is premature for this Court to order a stay on the grounds that collateral estoppel, or issue preclusion, *might* apply. The parties have not yet fully briefed collateral estoppel, and there are several factors in the collateral estoppel analysis that have not yet occurred. *See Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1320 (9th Cir. 1992) ("To foreclose relitigation of an issue under collateral estoppel: (1) the issue at stake must be identical to the one alleged in the prior litigation; (2) the issue must have been actually litigated in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action."). There is no motion with similar issues now pending before this Court, and the issue in the New York Lawsuit has not yet been fully litigated or decided.

the law among the circuits may yield different conclusions. Accordingly, the Court declines to address antitrust standing now.

LegitScript also complains that PharmacyChecker's opposition to the pending motion for stay "appears to suggest that [PharmacyChecker] could choose to bring the same claim against separate defendants in two different courts and achieve different results." ECF 252 at 7. The Court notes, however, that it was LegitScript, not PharmacyChecker, that caused this dispute to be heard in different district courts sitting in different circuits when LegitScript challenged personal jurisdiction in New York. Thus, contrary to LegitScript's assertion, PharmacyChecker has not engaged in "forum shopping."

Finding no undue hardship to LegitScript nor any certainty of narrowing the factual and legal issues in this case, the Court declines to exercise its discretion to grant LegitScript's motion to stay.

## CONCLUSION

The Court DENIES Defendant's Motion to Stay, ECF 252.

**IT IS SO ORDERED**.

DATED this 8th day of December, 2022.

*/s/ Michael H. Simon*
Michael H. Simon
United States District Judge