Philip S. Van Der Weele, OSB #863650
phil.vanderweele@klgates.com
K&L GATES LLP
One SW Columbia Street, Suite 1900
Portland, Oregon 97204
Telephone: (503) 228-3200

Aaron Gott (admitted *pro hac vice*)
aaron.gott@bonalawpc.com
BONA LAW PC
331 2nd Avenue, Suite 420
Minneapolis, MN 55401
Telephone: (612) 968-7758

James Lerner (admitted *pro hac vice*)
james.lerner@bonalawpc.com
287 Park Avenue South, Suite 422
New York, NY 10010
Telephone: (212) 634-6861

***Counsel for Plaintiff***

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PHARMACYCHECKER.COM LLC, | Civil Action No.3:22-cv-00252-SI |
| *Plaintiff,* | |
| vs. | PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL |
| LEGITSCRIPT LLC, | |
| *Defendant.* | |
| | Judge Michael H. Simon |

## TABLE OF CONTENTS

LEGAL STANDARD..................................................................................................... 2

ARGUMENT ................................................................................................................. 3

I.      THERE IS NOT A SUBSTANTIAL DISAGREEMENT AMONG THE
        COURTS ........................................................................................................... 3

        A.   There Is No Circuit Dispute ......................................................... 3

        B.   The Ninth Circuit Has Spoken on Point...................................... 6

II.     LEGITSCRIPT DOES NOT SEEK TO CERTIFY A CONTROLLING
        QUESTION OF LAW ...................................................................................... 7

III.    FAIRNESS REQUIRES THAT THE COURT EXERCISE ITS
        SUBSTANTIAL DISCRETION TO DENY LEGITSCRIPT'S MOTION........... 9

CONCLUSION............................................................................................................ 11

# TABLE OF AUTHORITIES

**Cases Page(s)**

*Ahrenholz v. Bd. of Trs.*,
219 F.3d 674 (7th Cir. 2000) ................................................................... 8

*Barrer v. Chase Bank, USA, N.A.*,
2011 U.S. Dist. LEXIS 54457 (D. Or. May 18, 2011) ............................. 7

*Bennett v. SLT/TAG Inc.*,
No. 02-65-HU, 2003 U.S. Dist. LEXIS 25484 (D. Or. July 21, 2003) .................... 2

*Calnetics Corp. v. Volkswagen of Am.*,
532 F.2d 674 (9th Cir. 1976) ................................................................... 4

*In re Canadian Import Antitrust Litig.*,
470 F.3d 785 (8th Cir. 2006) ................................................................... 4

*In re Cement Antitrust Litig.*,
673 F.2d 1020 (9th Cir. 1982) ................................................................. 3

*Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories, Inc.*,
No. 3:19-cv-137-SI, 2020 U.S. Dist. LEXIS 12050 (D. Or. Jan. 24, 2020) ............................................................................................... 2, 3

*Confederated Tribes & Bands v. Alcohol & Tobacco Tax & Trade Bureau*,
No. CV-11-3038-RMP, 2013 U.S. Dist. LEXIS 200500 (E.D. Wash. Apr. 11, 2013) ........................................................................ 10

*Couch v. Telescope Inc.*,
611 F.3d 629 (9th Cir. 2010) ................................................................ 5, 6

*First Beverages, Inc. v. Royal Crown Cola Co.*,
612 F.2d 1164 (9th Cir. 1980) ................................................................ 4

*Getz v. Boeing Co.*,
No. C 07-06396 CW, 2009 U.S. Dist. LEXIS 109550 (N.D. Cal. June 16, 2009) .............................................................................................. 6

*Gillespie v. Centerra Servs. Int'l, Inc.*,
No. EDCV 21-2028 JGB (SHKx), 2022 U.S. Dist. LEXIS 237575 (C.D. Cal. Oct. 26, 2022) ...................................................................... 5

*Hunter v. Legacy Health,*
   No. 3:18-cv-02219-AC, 2021 U.S. Dist. LEXIS 179148 (D. Or. Apr.
   13, 2021).................................................................................................... 2

*ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union,*
   22 F.4th 1125 (9th Cir. 2022)................................................................. 2, 3

*U.S. ex rel. Integra Med Analytics LLC v. Providence Health & Servs.,*
   No. CV 17-1694 PSG, 2019 U.S. Dist. LEXIS 221330 (C.D. Cal. Oct.
   8, 2019)....................................................................................................... 5

*Las Vegas Sun, Inc. v. Adelson,*
   No. 2:19-cv-01667-GMN-BNW, 2021 U.S. Dist. LEXIS 100497 (D.
   Nev. May 27, 2021).................................................................................... 8

*Maltz v. Sax,*
   134 F.2d 2 (7th Cir. 1943) ........................................................................ 4

*Margulies v. Tri-Cnty. Metro. Transp. Dist. of Or.,*
   No. 3:13-cv-00475-PK, 2014 U.S. Dist. LEXIS 205869 (D. Or. Mar.
   13, 2014)..................................................................................................... 8

*Matsunoki Grp., Inc. v. Timberwork Or., Inc.,*
   No. C 08-04078 CW, 2011 U.S. Dist. LEXIS 33178 (N.D. Cal. Feb.
   18, 2011)..................................................................................................... 5

*Memorex Corp. v. IBM Corp.,*
   555 F.2d 1379 (9th Cir. 1977) .................................................................. 4

*Moriarty v. Am. Gen. Life Ins. Co.,*
   No. 3:17-cv-1709-JO-WVG, 2023 U.S. Dist. LEXIS 172042 (S.D. Cal.
   Sept. 26, 2023) .......................................................................................... 5

*Mowat Constr. Co. v. Dorena Hydro, LLC,*
   No. 6:14-CV-00094-AA, 2015 U.S. Dist. LEXIS 128058 (D. Or. Sept.
   23, 2015)................................................................................................. 3, 10

*Penk v. Or. State Bd. of Higher Educ.,*
   99 F.R.D. 508 (D. Or. 1982)...................................................................... 2

*Pharmacychecker.Com v. Nat'l Ass'n of Bds. of Pharmacy,*
   No. 19-CV-7577 (KMK), 2023 U.S. Dist. LEXIS 66888 (S.D.N.Y.
   Mar. 28, 2023)............................................................................................ 9

*Realnetworks, Inc. v. DVD Copy Control Ass'n*,
  Nos. C 08-4548, 08-4719 MHP, 2010 U.S. Dist. LEXIS 1433 (N.D.
  Cal. Jan. 8, 2010) ................................................................................................ 5

*Reese v. BP Expl. (Alaska) Inc.*,
  643 F.3d 681 (9th Cir. 2011) ............................................................................... 4

*Regal Stone Ltd. v. Longs Drug Stores Cal., L.L.C.*,
  881 F. Supp. 2d 1123 (N.D. Cal. 2012) ............................................................... 5

*Smith v. Martorello*,
  No. 3:18-cv-1651-AC, 2022 U.S. Dist. LEXIS 98292 (D. Or. Mar. 4,
  2022) (Simon, J.) ......................................................................................... 1, 2, 3

*Spears v. Wash. Mut. Bank. FA*,
  No. C-08-00868 RMW, 2010 U.S. Dist. LEXIS 1454 (N.D. Cal. Jan.
  8, 2010) ................................................................................................................ 5

*TCL Commc'ns Tech. Holdings Ltd v. Telefonaktenbologet LM
  Ericsson*,
  No. SACV 14-00341 JVS (ANx), 2014 U.S. Dist. LEXIS 197559,
  (C.D. Cal. Sept. 30, 2014) .................................................................................. 7

*Tsyn v. Wells Fargo Advisors, LLC*,
  No. 14-cv-02552-LB, 2016 U.S. Dist. LEXIS 57519 (N.D. Cal. Apr.
  29, 2016) .............................................................................................................. 5

**Statutes**

28 U.S.C. § 1292(b) ............................................................................... 1, 2, 5, 7, 9

The Court's order denying summary judgment on the question of PharmacyChecker's antitrust standing ("SJ Order") is not exceptional and does not otherwise meet the elements necessary for interlocutory review. One non-binding district court decision that conflicts with the SJ Order (Judge Karas's) does not establish the requisite "substantial ground for disagreement." And LegitScript struggles to articulate the very question it seeks to certify based on an SJ Order that involves factual analyses improper for immediate review.

Moreover, LegitScript's motion misstates the applicable standard for an interlocutory appeal by omitting entirely that this Court has unfettered discretion **not** to certify an order—even **if** the three-pronged test of § 1292(b) is met. Indeed, orders should be certified only in "exceptional circumstances where considerations of judicial economy **and** fairness demand interlocutory review." *Smith v. Martorello*, No. 3:18-cv-1651-AC, 2022 U.S. Dist. LEXIS 98292, at *2–3 (D. Or. Mar. 4, 2022) (Simon, J.).

LegitScript does not even try to meet that test—because it cannot: LegitScript made a series of tactical decisions to have this Court decide, under Ninth Circuit law, whether a plaintiff's alleged facilitation of illegal conduct by third parties deprives a plaintiff of antitrust standing. LegitScript asked this Court to resolve that one issue, with LegitScript having the benefit of one-sided discovery taken in New York only of PharmacyChecker. LegitScript may now regret its choices, but that regret should not buy it further delay and additional piecemeal litigation of this case while LegitScript continues to refuse to produce a single document in this case. After more than four

Page 1 -  Plaintiff's Opposition to Defendant's Motion to Certify Order for
            Interlocutory Appeal

years of LegitScript's serial attempts to avoid scrutiny into its conduct, PharmacyChecker finally should be permitted to prosecute the illegal group boycott that continues to harm it today.

## LEGAL STANDARD

Under 28 U.S.C. § 1292(b), "[t]he party seeking certification bears the burden of demonstrating that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Smith*, 2022 U.S. Dist. LEXIS 98292, at *2–3; *Hunter v. Legacy Health*, No. 3:18-cv-02219-AC, 2021 U.S. Dist. LEXIS 179148, at *15 (D. Or. Apr. 13, 2021); *Penk v. Or. State Bd. of Higher Educ.*, 99 F.R.D. 508, 509 (D. Or. 1982) (interlocutory review is reserved for "the most extraordinary situations"). The movant must establish (i) a substantial ground for difference of opinion; (ii) on a controlling issue of law; (iii) the resolution of which would materially advance the ultimate termination of the litigation. *ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1132 (9th Cir. 2022). Each element is required and is "construed narrowly." *Bennett v. SLT/TAG Inc.*, No. 02-65-HU, 2003 U.S. Dist. LEXIS 25484, at *3 (D. Or. July 21, 2003) (noting that interlocutory appeals are restricted to "rare circumstances").

Piecemeal litigation is disfavored. Even "when all three requirements are satisfied, the district court retains unfettered discretion to deny a motion to certify," reserving interlocutory review only for those circumstances where economy and fairness demand it. *Hunter*, No. 3:18-cv-02219-AC, 2021 U.S. Dist. LEXIS 179148, at *15; *Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories, Inc.*, No. 3:19-

cv-137-SI, 2020 U.S. Dist. LEXIS 12050, at *4–5 (D. Or. Jan. 24, 2020); *Mowat Constr.*

*Co. v. Dorena Hydro, LLC*, No. 6:14-CV-00094-AA, 2015 U.S. Dist. LEXIS 128058, at

*13 (D. Or. Sept. 23, 2015); *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1027 (9th

Cir. 1982); *Smith*, 2022 U.S. Dist. LEXIS 98292, at *2–3.

## ARGUMENT

### I.    THERE IS NOT A SUBSTANTIAL DISAGREEMENT AMONG THE COURTS

LegitScript asserts that whether PharmacyChecker has antitrust standing is

a question with substantial ground for difference of opinion based on a single,

conflicting decision in the Southern District of New York. There, Judge Karas

fashioned a legal standard that this Court has determined conflicts with binding

caselaw. This is not a "***substantial*** disagreement" among the courts that is necessary

for interlocutory review to be appropriate.

Indeed, the Ninth Circuit recently confirmed that "courts traditionally will find

that a substantial ground for difference of opinion exists where 'the circuits are in

dispute on the question ***and*** the court of appeals of the circuit has not spoken on the

point.'" *ICTSI Or.,* 22 F.4th at 1132 (emphasis added) (citation omitted). That test is

not met here.

### A.    There Is No Circuit Dispute

First, LegitScript is wrong that there is "no statement from the Ninth Circuit

as to what the law is, or isn't." Mot. at 4. As the SJ Order details, the Ninth Circuit

(and Supreme Court) authorities consistently ***agree*** that a plaintiff's alleged illegal

conduct does ***not*** deprive it of antitrust standing. Order at 38–40. "Under Ninth

Page 3 -   Plaintiff's Opposition to Defendant's Motion to Certify Order for
              Interlocutory Appeal

Circuit law," that question is not difficult, nor novel:[1] "even direct involvement by a

plaintiff in an illegal activity 'cannot be raised as a complete bar to his antitrust

action.' " Order at 28–40 (reviewing *First Beverages, Inc. v. Royal Crown Cola Co.*,

612 F.2d 1164, 1174 (9th Cir. 1980), *Calnetics Corp. v. Volkswagen of Am.*, 532 F.2d

674 (9th Cir. 1976), and *Memorex Corp. v. IBM Corp.*, 555 F.2d 1379 (9th Cir. 1977)).

Beyond the Ninth Circuit, LegitScript cites no contemporary appellate case

suggesting that this point is controversial—let alone that any appellate court

disagrees that illegality has been abolished as an antitrust defense. SJ Order at 33–

38 (rejecting argument that *In re Canadian Import Antitrust Litigation*, 470 F.3d 785

(8th Cir. 2006) was relevant to an illegality defense; rejecting argument that *Maltz v.

Sax*, 134 F.2d 2 (7th Cir. 1943) has not been overruled in the 70 years since it was

decided).

The ***only*** conflicting decision is by a district court in a different circuit, which

fashioned an unprecedented legal standard—that a plaintiff loses antitrust standing

for being "geared or completely geared toward facilitating" illegality. One outlier does

---

1.    This point distinguishes this case from *Reese* where the "substantial disagreement" element was met because the certified question was deemed to be both novel ***and*** difficult. *See* Mot. at 6 (citing *Reese v. BP Expl. (Alaska) Inc.,* 643 F.3d 681, 688 (9th Cir. 2011)). LegitScript does not attempt a showing that the question of PharmacyChecker's antitrust standing is either novel or difficult because it cannot— the Ninth Circuit has already determined that even direct illegality is not a complete bar to an antitrust claim. SJ Order at 39 (citing *Calnetics*, 532 F.2d at 689; *Memorex*, 555 F.2d at 1381–82).

not give rise to a "substantial disagreement" among the circuits.[2] *Matsunoki Grp.,*

*Inc. v. Timberwork Or., Inc.*, No. C 08-04078 CW, 2011 U.S. Dist. LEXIS 33178, at

\*7–9 (N.D. Cal. Feb. 18, 2011); *Tsyn v. Wells Fargo Advisors, LLC*, No. 14-cv-02552-

LB, 2016 U.S. Dist. LEXIS 57519, at \*7 (N.D. Cal. Apr. 29, 2016) ("it would not

warrant a § 1292(b) appeal simply because another district court reached a different

decision in a broadly similar case."); *Spears v. Wash. Mut. Bank. FA*, No. C-08-00868

RMW, 2010 U.S. Dist. LEXIS 1454, at \*10 (N.D. Cal. Jan. 8, 2010) ("[T]hat one district

court came to a different conclusion on the same issue is insufficient."). *Cf. Couch v.*

*Telescope Inc.*, 611 F.3d 629, 633–34 (9th Cir. 2010) ("the presence of a single, non-

binding, advisory opinion by a division of the California Attorney General's office is

not a 'substantial' ground for disagreement as to the controlling law.").[3] In fact, as

---

2.      This Court also rejected LegitScript's argument that *Realnetworks, Inc. v. DVD*
*Copy Control Association*, Nos. C 08-4548, 08-4719 MHP, 2010 U.S. Dist. LEXIS 1433
(N.D. Cal. Jan. 8, 2010) is relevant to the survival of any illegality defense. SJ Order
at 33.

3.      The authorities that LegitScript cites do not stand for the proposition that a
single non-binding district court decision from out-of-Circuit—particularly when it
fashions a legal new standard—constitutes a "substantial disagreement." *U.S. ex rel.*
*Integra Med Analytics LLC v. Providence Health & Servs.*, No. CV 17-1694 PSG (SSx),
2019 U.S. Dist. LEXIS 221330, at \*10 (C.D. Cal. Oct. 8, 2019) (acknowledging that its
opinion was a departure from a "general consensus in the federal courts" with several
"conflicting and contradictory opinions"); *Gillespie v. Centerra Servs. Int'l, Inc.*, No.
EDCV 21-2028 JGB (SHKx), 2022 U.S. Dist. LEXIS 237575, at \*5–6 (C.D. Cal. Oct.
26, 2022) (finding at least an in-Circuit disagreement among district courts); *Moriarty*
*v. Am. Gen. Life Ins. Co.,* No. 3:17-cv-1709-JO-WVG, 2023 U.S. Dist. LEXIS 172042,
at \*7–8 (S.D. Cal. Sept. 26, 2023) (suggesting multiple judges within circuit had
disagreed with the specific legal conclusion reached by the court). *See also Regal*
*Stone Ltd. v. Longs Drug Stores Cal., L.L.C.*, 881 F. Supp. 2d 1123, 1131 (N.D. Cal.
2012) (finding a "substantial difference of justifiable opinions among the federal
district courts, and an absence of appellate authority").

Page 5 -  Plaintiff's Opposition to Defendant's Motion to Certify Order for
            Interlocutory Appeal

the Court recognized, Judge Karas's decision is itself not yet appealable to the Second

Circuit.

## B.    The Ninth Circuit Has Spoken on Point

It is true the Ninth Circuit has not specifically addressed whether a plaintiff

whose business is entirely legal, but may facilitate third-parties' alleged illegal

conduct, loses antitrust standing. But that does not mean there is substantial ground

for disagreement on the question. *Cf. Couch*, 611 F.3d at 634 ("Nor does the fact that

no California court has addressed the precise questions at issue satisfy the

requirement of a substantial ground for disagreement, as the district court properly

recognized. It is well settled that 'the mere presence of a disputed issue that is a

question of first impression, standing alone, is insufficient to demonstrate a

substantial ground for difference of opinion.' "). *See also Getz v. Boeing Co.*, No. C 07-

06396 CW, 2009 U.S. Dist. LEXIS 109550, at *9 (N.D. Cal. June 16, 2009) ("[T]hat

other district courts have interpreted [a particular case] in the manner advocated by

Defendants does not provide a substantial ground for difference of opinion.")

(citations omitted).

Indeed, what the Ninth Circuit has said is that even direct illegality does not

negate antitrust standing—so, it should be evident that indirect illegality or alleged

facilitating of illegality cannot negate it either. SJ Order at 28–40 (reviewing the

relevant Ninth Circuit authorities and concluding that nothing suggests a bar to

antitrust relief based on a plaintiff's illegality or facilitation of illegality). There is no

Page 6 -  Plaintiff's Opposition to Defendant's Motion to Certify Order for
            Interlocutory Appeal

reason to believe the Ninth Circuit would suddenly reverse this position in PharmacyChecker's case given the decades-long evolution to the contrary.

Ultimately, LegitScript offers no case for the proposition that one district court's yet-unappealable decision to fashion a new legal standard calls for immediate appellate review in another circuit. Interlocutory review of the SJ Order is unwarranted because it does not present a legal question on which there is substantial disagreement.

## II.   LEGITSCRIPT DOES NOT SEEK TO CERTIFY A CONTROLLING QUESTION OF LAW

LegitScript's motion does not clearly state what question it seeks to certify. At times, LegitScript purports that the SJ Order was decided on a "pure issue of law," i.e., "what deprives a plaintiff of antitrust standing." Mot. at 2. At other times, LegitScript poses the question very differently: "if a plaintiff's business is 'completely or almost completely geared toward facilitating' illegality, does a plaintiff lack antitrust standing?" Mot. at 3–4 (articulating the question a third way: "even if the plaintiff facilitates illegality, does the plaintiff's business itself have to be illegal to deprive the plaintiff of antitrust standing?").

The latter formulations are mixed questions of law and fact improper for interlocutory review: under "§ 1292(b), a 'question of law' means a 'pure question of law,' not a mixed question of law and fact or an application of law to a particular set of facts." *TCL Commc'ns Tech. Holdings Ltd v. Telefonaktenbologet LM Ericsson*, No. SACV 14-00341 JVS (ANx), 2014 U.S. Dist. LEXIS 197559, at *7 (C.D. Cal. Sept. 30,

Page 7 -  Plaintiff's Opposition to Defendant's Motion to Certify Order for
        Interlocutory Appeal

2014) (quoting *Barrer v. Chase Bank, USA, N.A.*, 2011 U.S. Dist. LEXIS 54457, at *10–11 (D. Or. May 18, 2011)).

A party's antitrust standing often involves factual assumptions. *Las Vegas Sun, Inc. v. Adelson*, No. 2:19-cv-01667-GMN-BNW, 2021 U.S. Dist. LEXIS 100497, at *14 (D. Nev. May 27, 2021) ("Relatedly, the first question—whether LVS has standing—also concerns factual assumptions. Although 'the court (and not a jury) decides standing, the district court must decide issues of fact necessary to make the standing determination.' "). And not surprisingly, courts are particularly reluctant to certify questions emerging from summary judgment rulings, given the fact-intensive nature of those inquiries. *See Margulies v. Tri-Cnty. Metro. Transp. Dist. of Or.*, No. 3:13-cv-00475-PK, 2014 U.S. Dist. LEXIS 205869, at *8 (D. Or. Mar. 13, 2014) ("In sum, plaintiffs' first proposed question, if certified, would require the Ninth Circuit to 'hunt through the record compiled in the summary judgment proceeding to see whether there may be a genuine issue of material fact lurking there' . . . thus making it an unsuitable question for interlocutory appeal.") (quoting *Ahrenholz v. Bd. of Trs.*, 219 F.3d 674, 677 (7th Cir. 2000)).

Here, it was **LegitScript** who asked the Court to make factual determinations based on the evidentiary record adduced in New York and the factual findings made by Judge Karas. *See, e.g.,* SJ Order at 6 n.2 (LegitScript's opening motion attempted to incorporate all factual submissions made in the NY litigation). And this Court's and Judge Karas's respective summary judgment orders each contain factual analyses based on the lengthy record first submitted by the New York parties. *See,*

*e.g., id.* at 23 (explaining that LegitScript's motion asked the factual question whether PharmacyChecker's business was completely or almost completely geared toward facilitating illegality or illegal itself); *id.* at 24 (concluding based on the "facts and law" that PharmacyChecker's business is entirely legal); *id.* at 37 n.22 (reviewing the factual evidence in the light most favorable to the nonmoving party). *See also Pharmacychecker.Com v. Nat'l Ass'n of Bds. of Pharmacy*, No. 19-CV-7577 (KMK), 2023 U.S. Dist. LEXIS 66888, at *69–89 (S.D.N.Y. Mar. 28, 2023) (factual analysis of PharmacyChecker's revenues and business practices to conclude that it is "completely or almost completely geared towards facilitating" illegality).

For LegitScript to try to claim now that its summary judgment motion presented a purely legal question is wrong and disingenuous. And in any event, LegitScript does not know, or has not said, what question is appropriate for interlocutory review, which ought not inspire confidence in that question's certification.

## III.    FAIRNESS REQUIRES THAT THE COURT EXERCISE ITS SUBSTANTIAL DISCRETION TO DENY LEGITSCRIPT'S MOTION

Even if LegitScript managed to carry its burden under § 1292 to otherwise support interlocutory review, this Court should exercise its unfettered discretion and deny the request anyway.

LegitScript chose to parse this litigation by focusing first on the one question of PharmacyChecker's standing. Allowing an appeal now "would mean that an interlocutory appeal was appropriate any time that a party" sought summary judgment on only a subset of dispositive issues. In similar circumstances, courts have

said such an inefficient outcome is intolerable and would undercut the policy that limits appeals to final decisions. *Confederated Tribes & Bands v. Alcohol & Tobacco Tax & Trade Bureau*, No. CV-11-3038-RMP, 2013 U.S. Dist. LEXIS 200500, at *7–8 (E.D. Wash. Apr. 11, 2013) (denying interlocutory review of a denial of a partial summary judgment motion).

Moreover, as to fairness, LegitScript chose ***not*** to be bound by Judge Karas's rulings by seeking dismissal from the New York case. LegitScript cannot have it both ways: forcing PharmacyChecker to litigate in two separate circuits at increased costs and decreased efficiencies, while also cherry-picking certain New York rulings that LegitScript happens to like. To the contrary, fairness dictates that LegitScript live with this Court's SJ Order after four years of trying to avoid litigating the actual conduct giving rise to PharmacyChecker's claim.

This lawsuit has already been seriously protracted—LegitScript has not produced a single document in response to PharmacyChecker's first requests for production served on September 12, 2022, despite there never having been a stay of discovery in this case. *Cf. Mowat Constr.*, 2015 U.S. Dist. LEXIS 128058, at *14 (given the protracted and antagonistic nature of this lawsuit, among other things, "allowing a piecemeal interlocutory appeal" would only result in "increased complexity and additional delay."). In PharmacyChecker's view, that is the exceptional circumstance, and it warrants that LegitScript's motion be denied.

Page 10 -   Plaintiff's Opposition to Defendant's Motion to Certify Order for
              Interlocutory Appeal

## CONCLUSION

For these reasons, LegitScript's motion to certify the question of PharmacyChecker's standing for interlocutory review should be denied.

Dated: January 31, 2024                    Respectfully submitted,

                                           *s/ Aaron Gott*
                                           Aaron Gott (admitted *pro hac vice*)
                                           aaron.gott@bonalawpc.com
                                           BONA LAW PC
                                           331 2nd Avenue, Suite 420
                                           Minneapolis, MN 55401
                                           Telephone: (612) 968-7758

                                           James Lerner (admitted *pro hac vice*)
                                           james.lerner@bonalawpc.com
                                           BONA LAW PC
                                           287 Park Avenue South, Suite 422
                                           New York, NY 10010
                                           Telephone: (212) 634-6861

                                           Philip S. Van Der Weele, OSB #863650
                                           phil.vanderweele@klgates.com
                                           K&L GATES LLP
                                           One SW Columbia Street, Suite 1900
                                           Portland, Oregon 97204
                                           Telephone: (503) 228-3200

                                           *Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of January, 2024, the above Plaintiff's

Opposition to Defendant's Motion to Certify Order for Interlocutory Appeal was filed

electronically with the Clerk of the Court using the CM/ECF system which will send

a notification of such filing to all counsel of record here.

By: s/ *Aaron Gott*
Aaron Gott (admitted *phv*)
Bona Law PC
331 Second Avenue South,
Suite 420
Minneapolis, MN 55401
aaron.gott@bonalawpc.com
(612) 284-5001

Page 1-   CERTIFICATE OF SERVICE