IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **PHARMACYCHECKER.COM LLC**, | Case No. 3:22-cv-252-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **LEGITSCRIPT LLC**, | |
| Defendant. | |

Philip S. Van Der Weele, K&L GATES LLP, One SW Columbia Street, Suite 1900, Portland, OR 97204; Aaron R. Gott, BONA LAW PC, 331 Second Avenue South, Suite 420, Minneapolis, MN 55401; and James F. Lerner, BONA LAW PC, 41 Madison Avenue, Suite 2509, New York, NY 10010. Of Attorneys for Plaintiff PharmacyChecker.com LLC.

Richard P. Sybert, Hannah Brown, and Matthew Mejia, GORDON REES SCULLY MANSUKHANI LLP, 1300 SW Fifth Avenue, Suite 2000, Portland, OR 97201; John T. Mills, GORDON REES SCULLY MANSUKHANI LLP, One Battery Park Plaza, 28th Floor, New York, NY 10004; and Christopher Pallanch, TONKON TORP LLP, 888 SW Fifth Avenue, Suite 1600, Portland, OR 97204. Of Attorneys for Defendant LegitScript LLC.

**Michael H. Simon, District Judge.**

Plaintiff PharmacyChecker.com LLC (PharmacyChecker) brings this antitrust lawsuit under § 1 of the Sherman Act, 15 U.S.C. § 1, against defendant LegitScript LLC (LegitScript). PharmacyChecker alleges that it is the victim of a conspiracy to restrain competition in the markets for online pharmacy verification services and comparative drug pricing information. On

January 3, 2024, the Court issued an Opinion and Order denying LegitScript's motion for summary judgment (Summary Judgment Opinion), in which the Court rejected LegitScript's argument that PharmacyChecker lacked antitrust standing. *PharmacyChecker.com LLC v. LegitScript LLC*, 2024 WL 33410 (D. Or. Jan. 3, 2024). Now before the Court is LegitScript's Motion to Certify Order for Interlocutory Appeal (LegitScript's Motion to Certify). Pursuant to 28 U.S.C. § 1292(b), LegitScript requests that the Court certify for interlocutory review the Summary Judgment Opinion. PharmacyChecker opposes that motion. For the following reasons, the Court grants LegitScript's Motion to Certify.

## STANDARD

The Interlocutory Appeals Act of 1958, 28 U.S.C. § 1292(b), "created a two-tiered 'screening procedure' to preserve an appropriate relationship between a federal trial court and a federal appellate court "and to restrict the availability of interlocutory review to 'appropriate cases.'" *Microsoft Corp. v. Baker*, 582 U.S. 23, 29 (2017) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 474 (1978)). "For a party to obtain review under § 1292(b), the district court must certify that the interlocutory order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id*. (quotation marks omitted). A court may find a question of law "controlling" if its resolution "could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982). A court may find substantial ground for difference of opinion when "reasonable jurists might disagree" about the resolution to the question of law at issue. *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). "[T]he party pursuing the interlocutory appeal bears the burden of . . . demonstrating" that the certification requirements of the statute have been met. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).

**BACKGROUND**

The nature of PharmacyChecker's business operation, the parties' relationship, and the procedural history of this action are discussed in detail in the Court's Summary Judgment Opinion. *See PharmacyChecker.com*, 2024 WL 33410, at *3-6. As relevant to the pending Motion to Certify, in August 2019, PharmacyChecker filed a federal lawsuit in the Southern District of New York (New York Case). In that action, PharmacyChecker alleged violations of federal antitrust law and sued five alleged conspirators, including LegitScript.[1] Because of issues relating to personal jurisdiction, PharmacyChecker's claim against LegitScript was transferred to the District of Oregon. LegitScript is the only defendant in this action.

The four remaining defendants in the New York Case (New York Defendants) moved for partial summary judgment against PharmacyChecker's antitrust claim. The New York Defendants argued, in part, that because PharmacyChecker's "'primary mission' is to facilitate U.S. consumers' unlawful importation of foreign pharmaceuticals," PharmacyChecker has not suffered any cognizable antitrust injury and therefore lacks antitrust standing to maintain its claim. *See PharmacyChecker.com v. Nat'l Ass'n of Bds. of Pharm.*, 2023 WL 2973038, at *12 (S.D.N.Y. Mar. 28, 2023).

In the New York Case, U.S. District Court Judge Kenneth M. Karas formulated the following standard from a set of cases that addressed antitrust injury when a plaintiff's business involves illegality: "[W]here the plaintiff's enterprise is completely or almost completely illegal, or completely or almost completely geared toward facilitating illegality, that plaintiff cannot plead an antitrust injury." *Id.* at *13 (quotation marks omitted). Applying that standard at

---

[1] In the New York Case, PharmacyChecker also asserted a Lanham Act claim against one of the five defendants.

summary judgment, Judge Karas found that the New York Defendants had "met their burden to prove that [PharmacyChecker's] enterprise is 'completely or almost completely geared towards facilitating illegality,'" and, for that reason, held that PharmacyChecker "does not have standing to maintain its claim pursuant to § 1 of the Sherman Act," resulting in summary judgment in favor of the New York Defendants on that claim. *Id.* at *30.

LegitScript then moved for summary judgment in this action, asserting, among other arguments, "the same grounds as the defendants in the New York action," *i.e.*, that PharmacyChecker "has not suffered any cognizable injury under the Sherman Act and therefore lacks standing as the primary purpose of PharmacyChecker's business is to enable consumers to illegally buy drugs from foreign pharmacies." ECF 271 at 2.

In its Summary Judgment Opinion, the Court noted that no case from the United States Supreme Court or the Ninth Circuit directly addressed "whether an antitrust plaintiff, which does not itself engage in illegal activity, lacks antitrust standing merely because that plaintiff's website facilitates illegal activity by others and the plaintiff receives revenue as an indirect result of that activity." *PharmacyChecker.com*, 2024 WL 33410, at *12. The Court then undertook an independent review of "the most factually analogous cases from the Supreme Court and the Ninth Circuit for guidance to see what sort of illegal activity or facilitation of illegal activity by a private antitrust plaintiff with an otherwise valid antitrust claim will negate antitrust standing." *Id.* Using those cases as guidance, the Court concluded:

> It would contravene Supreme Court and Ninth Circuit precedent for this Court to fashion a new rule that deprives a plaintiff of an antitrust cause of action and immunize an antitrust defendant when the plaintiff's business is entirely *legal*. That is so even if the plaintiff's website is used for purposes of facilitating unlawful activity by others and the plaintiff indirectly derives revenue (even a large portion of its revenue) from that activity.

PAGE 4 – OPINION AND ORDER

*Id.* at *20 (emphasis in original). Thus, finding that LegitScript had not met its burden to establish that PharmacyChecker lacked antitrust standing as a matter of law, the Court declined to grant summary judgment to LegitScript on PharmacyChecker's antitrust claim. *Id.*

In its Motion to Certify, LegitScript asks the Court to certify its Summary Judgment Opinion for interlocutory appeal, arguing that the Court's Order satisfies the statutory requirements for review under § 1292(b). Specifically, LegitScript argues that because "there is a direct split between two courts on an identical issue brought by the same plaintiff," interlocutory appeal is warranted. ECF 294 at 3.

## DISCUSSION

A district court may certify an order for interlocutory appeal when the district court finds "that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Court evaluates each § 1292(b) requirement before turning to PharmacyChecker's assertion that considerations of fairness demand that this Court exercise its discretion to deny certification.

**A.  Whether The Court's Order Raises a Controlling Question of Law**

As noted, the Ninth Circuit has explained that an issue may be considered a controlling question of law if its resolution "could materially affect the outcome of litigation in the district court." *In re Cement*, 673 F.2d at 1026. The Ninth Circuit also "has recognized the congressional directive that section 1292(b) is to be applied sparingly and only in exceptional cases, and that the 'controlling question of law' requirement be interpreted in such a way to implement this policy." *Id*. at 1027.

### 1. Question of Law Raised by the Court's Order

LegitScript offers various formulations of the question or questions it contends are raised by the Court's Summary Judgment Opinion, but does not identify any specific articulation of the question or questions for which it seeks certification. *See* ECF 294 at 2 ("[W]hat deprives a plaintiff of antitrust standing?"); *id.* at 4 ("[I]f a plaintiff's business is 'completely or almost completely geared toward facilitating' illegality, does a plaintiff lack antitrust standing?"); *id.* at 5 ("[W]hat is the standard for a plaintiff conducting or facilitating illegal activity that would deprive that plaintiff of antitrust standing?"); *see also* ECF 298 at 4 ("Where a plaintiff is facilitating or encouraging illegal activity, but perhaps whose entire business is not illegal *per se*, is that a bar to antitrust standing? What exactly is the bar to antitrust standing?" (emphasis in original)). Thus, the Court must identify an appropriate articulation of the question of law raised by the Summary Judgment Opinion before evaluating whether that question is a "controlling question of law" appropriate for certification for interlocutory review.

The parties agree that if the question certified "is highly factual, it is likely inappropriate for interlocutory appeal." ECF 298 at 3. Further, district courts within the Ninth Circuit have required that the legal question "be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law." *E.g.*, *Inserra v. Pinnacle Servs. Inc.*, 2023 WL 4041636, at *3 (D. Nev. May 31, 2023) (quoting *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004)); *Delux Pub. Charter, LLC v. County of Orange*, 2023 WL 2558784, at *2 (C.D. Cal. Jan. 11, 2023) (quoting *Sateriale v. RJ Reynolds Tobacco Co.*, 2015 WL 3767424, at *2 (C.D. Cal. June 17, 2015)); *Aluminum Trailer Co. v. Sidi Spaces LLC*, 2020 WL 7059555, at *1 (D. Ariz. Dec. 2, 2020) (quoting *XTO Energy, Inc. v. ATD, LLC*, 189 F. Supp. 3d 1174, 1193

(D.N.M. 2016)); *Buenrostro v. Castillo*, 2017 WL 1709323, at *3 (E.D. Cal. May 3, 2017) (quoting *McFarlin*, 381 F.3d at 1259).

PharmacyChecker argues that the questions proposed by LegitScript are mixed questions of law and fact that are improper for interlocutory review.[2] The Court agrees that some of the questions, in the form articulated by LegitScript, are inappropriate for certification because some are mostly factual in their framing and others are too broad for interlocutory review (*e.g.*, "What deprives a plaintiff of antitrust standing?"). The Court, however, construes LegitScript's Motion to Certify as identifying questions of law raised by the Court's Summary Judgment Opinion that may be neutrally and appropriately articulated as follows:

> (1) Might a plaintiff's facilitation of unlawful activity by others bar antitrust standing under some circumstances?
>
> (2) If so, is there a minimum threshold of facilitation of unlawful activity by others, measured in some appropriate fashion

---

[2] The Court notes that mixed questions of law and fact are not categorically improper for certification for interlocutory review. In *Steering Committee v. United States*, 6 F.3d 572 (9th Cir. 1993), the Ninth Circuit *sua sponte* addressed whether it could consider an interlocutory appeal of a mixed question of law and fact, after noting that several other jurisdictions do not permit interlocutory review of such issues under § 1292(b). *Id.* at 575. In *Steering Committee*, the Ninth Circuit concluded that in "the liability phase of a multidistrict, multiparty litigation case," or what the court described as "the issue of liability in such unusual cases," interlocutory appeal of mixed questions of law and fact "served the congressional purposes underlying § 1292(b)." *Id.* (quotation marks omitted). The Ninth Circuit, however, has also certified some cases under § 1292(b) that were not multidistrict litigation actions yet involve mixed questions of law and fact. *See, e.g.*, *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 216 F.3d 764 (9th Cir. 2000) (certifying under § 1292(b) the question of a regulatory taking and specifically noting that whether government regulation of private property amounts to a regulatory taking "depends largely 'upon the particular circumstances [of each] case'—that is, on 'essentially *ad hoc*, factual inquiries" and engaging in the requisite factual inquiry (alteration in original) (quoting *Penn Cent. Transp. Co. v. City of New York*, 438 U.S. 104, 124 (1978)), *aff'd*, 535 U.S. 302 (2002), *and overruled on other grounds by Gonzalez v. Arizona*, 677 F.3d 383 (9th Cir. 2012)); *Tennenbaum v. Deloitte & Touche*, 77 F.3d 337, 339-40 (9th Cir. 1996) (certifying under § 1292(b) the question of waiver of attorney-client privilege and stating that "[w]hether a holder has waived the right to claim the attorney-client privilege is a mixed question of law and fact which we review *de novo*").

>considering the plaintiff's entire range of business activities, for
>the bar to antitrust standing to be triggered?

This two-part articulation presents questions of law, the answers to which would not necessarily depend on a fact-specific inquiry or set of assumptions. With this articulation, the Court will next address the first requirement under § 1292(b).

### 2. Whether the Question of Law Is Controlling

PharmacyChecker argues that the first factor is not met because a "party's antitrust standing often involves factual assumptions," citing *Las Vegas Sun, Inc. v. Adelson*, 2021 WL 2169935 (D. Nev. May 27, 2021). In *Las Vegas Sun*, the district court declined to certify for interlocutory appeal a question concerning whether the plaintiff had sufficiently pleaded antitrust injury to establish that it had antitrust standing to maintain the claim. *Id.* at *5. The district court explained that "in analyzing whether [the plaintiff] has sufficiently alleged an injury, the Court must consider whether anticompetitive behavior has affected the relevant market. Because the definition of the relevant market is a factual inquiry, the ultimate issue of whether [the plaintiff] has alleged standing is premised upon a factual finding." *Id.* Thus, the district court found that the question was not suitable for certification because it was not a "controlling question of law." *Id.*

Although questions of a particular party's standing typically require a court to engage in factual inquiries and make factual determinations, *see, e.g.*, *id.* ("the district court must decide issues of fact necessary to make the standing determination" (quotation marks omitted)), the antitrust standing questions raised by the Court's Summary Judgment Opinion may be distinguishable from the standing question under consideration in *Las Vegas Sun*. Here, the question raised for certification is not whether *this* plaintiff has antitrust standing. Rather, the questions to be certified for interlocutory appeal are: Might a plaintiff's facilitation of unlawful

activity by others bar antitrust standing under some circumstances, and if so, is there a minimum level of such facilitation, measured in some appropriate fashion, for the bar to be triggered?

Recognizing that the general factual nature of the standing inquiry makes this determination a close call, other considerations persuade the Court that the first requirement, on balance, tips in favor of certification. Clarification as to whether, and if so when, a plaintiff's facilitation of another's unlawful activity might bar antitrust standing could apply to other antitrust cases.[3] Moreover, the Ninth Circuit's resolution of this question of law "could materially affect the outcome" of this litigation. If the decision of this Court were reversed, that could result in a judgment in favor of LegitScript. Alternatively, if the decision of this Court were affirmed, that could result in the streamlining of discovery and trial or even result in a settlement. On balance, the Court finds that the first requirement is met.

## B.  Whether There Is Substantial Ground for Difference of Opinion

Regarding the requirement that there be a "substantial ground for difference of opinion" on the controlling question of law, the Ninth Circuit has explained:

> A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed. Stated another way, when *novel legal issues* are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent.

*Reese*, 643 F.3d at 688 (emphasis added). "For example, this prong is satisfied if 'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if

---

[3] By way of example, there are entities that manufacture and distribute products that enable a user to test the composition and safety of narcotic substances, *e.g.*, to detect the presence of fentanyl. These products may (and likely do, at least to some extent) facilitate unlawful activities by others. If the Ninth Circuit addressed the questions raised in this case, courts could apply that guidance to the evaluation of antitrust standing in other contexts.

complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'" *ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022) (quoting *Couch*, 611 F.3d at 633). On the other hand, however, "[t]hat settled law might be applied differently does not establish a substantial ground for difference of opinion." *Couch*, 611 F.3d at 633. Further, "it is well settled that 'the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion.'" *Id.* at 634 (quoting *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996)).

LegitScript argues that because this Court and Judge Karas in the New York Case reached conflicting conclusions when evaluating the identical issue of antitrust standing, the second factor is met. In support, LegitScript cites district court cases from the Ninth Circuit holding that this factor is satisfied when district courts disagree as to the proper resolution of the same or substantially similar issue. ECF 294 at 6 (citing *Moriarty v. Am. Gen. Life Ins.*, 2023 WL 6280967, at *2 (S.D. Cal. Sept. 26, 2023), and *Gillespie v. Centerra Servs. Int'l, Inc.*, 2022 WL 18584762, at *2 (C.D. Cal. Oct. 26, 2022)).[4]

In response, PharmacyChecker contends that the single, conflicting decision from the Southern District of New York does not demonstrate the fact of a "substantial disagreement," which is required for interlocutory review. PharmacyChecker also argues that LegitScript does not identify any contemporary appellate case suggesting that the issue is controversial among the

---

[4] LegitScript also quotes portions of Judge Boochever's dissenting opinion in *In re Cement*, 673 F.2d at 1028, in a rather circular fashion. Aside from not being binding on the Court, Judge Boocheyer simply explained that Congress may not have "contemplated the application of 28 U.S.C. § 455 to class action litigation," and that uncertainty "provide[d] a credible basis for a difference of opinion" among jurists. *Id.* That discussion does not provide the Court with helpful guidance for its analysis of the second factor.

circuits. PharmacyChecker cites district court cases from within the Ninth Circuit that have found this factor not satisfied when the party seeking certification merely shows that one district court reached a conclusion on an issue that conflicts with another district court's conclusion on the same issue. *See* ECF 297 at 10 (citing, *e.g.*, *Matsunoki Grp., Inc. v. Timberwork Or., Inc.*, 2011 WL 940218, at *3 (N.D. Cal. Feb. 18, 2011); *Tsyn v. Wells Fargo Advisors*, 2016 WL 1718139, at *4 (N.D. Cal. Apr. 29, 2016); *Spears v. Wash. Mut. Bank FA*, 2010 WL 54755, at *3 (N.D. Cal. Jan. 8, 2010)).[5] PharmacyChecker concedes that "[i]t is true that the Ninth Circuit has not specifically addressed whether a plaintiff whose business is entirely legal, but may facilitate third-parties' alleged illegal conduct, loses antitrust standing." ECF 297 at 11. PharmacyChecker argues, however, that the Ninth Circuit *has* spoken to even more egregious conduct—whether *direct* illegality by an antitrust plaintiff negates that plaintiff's antitrust standing—and has clearly answered that it does not. PharmacyChecker contends that it is evident from the Ninth Circuit's existing precedent that *indirect* illegality or alleged *facilitation* of illegality thus also must not deprive a plaintiff of antitrust standing, and therefore the questions of law raised by the Court's Summary Judgment Opinion are neither difficult nor novel. For these reasons, PharmacyChecker asserts that the second factor is not met.

    Like the first factor, the second factor does not weigh decisively for or against certification. Nevertheless, the Court finds that, on balance, this factor tips more towards certification than against. The conflicting opinions issued by this Court and Judge Karas

---

[5] PharmacyChecker also cites *Couch*, 611 F.3d at 634, for the proposition that "the presence of a single, non-binding, advisory opinion by a division of the California Attorney General's office is not a 'substantial' ground for disagreement as to the controlling law." Under the facts of that case, however, the Ninth Circuit concluded that it was "significant" that the party seeking certification under § 1292(b) did not provide "a single case that conflicts with the district court's construction or application" of the statute at issue. *Id.* at 633. Here, in contrast, there is one directly conflicting decision on the identical issue of antitrust standing.

PAGE 11 – OPINION AND ORDER

demonstrate that reasonable jurists can (and have) disagreed on this issue's resolution. Moreover, no case from the United States Supreme Court or the Ninth Circuit directly addresses the certified questions, and the issue reasonably can be characterized as both difficult and novel. Although this also is a close call, the Court is persuaded that the second requirement is met.

## C. Whether Immediate Appeal from the Court's Opinion Will Materially Advance the Conclusion of the Litigation

For the third requirement, the Ninth Circuit has explained that "neither § 1292(b)'s literal text nor controlling precedent requires that the interlocutory appeal have a final, dispositive effect on the litigation, only that it 'may materially advance' the litigation." *Reese*, 643 F.3d at 688. LegitScript contends that this factor is met because a successful appeal in favor of LegitScript's argument that PharmacyChecker's business activities deprives PharmacyChecker of antitrust standing "would bring this case to a complete close." ECF 294 at 6. PharmacyChecker does not directly dispute this factor but argues that considerations of fairness militate against allowing piecemeal interlocutory appeal of this "seriously protracted" litigation. *See* ECF 297 at 15.

As noted above, addressing the issue of antitrust standing may be dispositive in this action. *Cf. Am. Ad Mgmt., Inc. v. Gen. Tel. Co. of Cal.*, 190 F.3d 1051, 1054 (9th Cir. 1999) (to narrow the broad, literal reading of the scope of antitrust laws, "courts have constructed the concept of antitrust standing . . . to determine whether a plaintiff is a proper party to bring an antitrust claim" (citation omitted)). If no antitrust standing exists under these circumstances, then PharmacyChecker would be unable to maintain its antitrust claim, and this case would be terminated. Alternatively, an appellate ruling in favor of PharmacyChecker on this issue might streamline discovery and trial or even result in a settlement. The Court is persuaded that the third requirement has been met.

### D. Fairness Considerations

Finally, a district court may exercise its discretion to deny certification even when all three § 1292(b) criteria are satisfied. *See, e.g.*, *Exec. Software N.A., Inc. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 24 F.3d 1545, 1550 (9th Cir. 1994), *overruled on other grounds by Cal. Dept. of Water Res. v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008). PharmacyChecker urges this Court to exercise its discretion to deny certification on grounds of fairness. PharmacyChecker argues that it was LegitScript that initiated the transfer of this action to this Court, thereby forcing PharmacyChecker inefficiently to litigate its claims in two separate district courts at increased expense. Regarding the asserted prejudice to PharmacyChecker resulting from LegitScript's transfer of this action, PharmacyChecker argues that fairness dictates that LegitScript should have to "live with" the adverse summary judgment ruling issued by this Court. In addition, PharmacyChecker asserts that alleged discovery violations by LegitScript constitute an exceptional circumstance further justifying the exercise of this Court's discretion to deny LegitScript's Motion to Certify.

The Court recognizes the added burden and expense incurred by PharmacyChecker due to litigating its claims in parallel federal district court actions. As noted, however, a determination as to the correct standard of law on the issue of PharmacyChecker's antitrust standing could bring about a more efficient resolution of this case. On the other hand, if the Ninth Circuit were later to conclude that this district court applied an incorrect rule to the question of antitrust standing, the parties might have been unnecessarily required to continue costly litigation. Finally, as to the alleged discovery violations, there are other avenues for relief available to PharmacyChecker, and the Court is not persuaded that the exercise of its discretion to deny certification is the best way to resolve a discovery dispute. Thus, the Court declines to exercise its discretion to deny certification.

## CONCLUSION

The Court GRANTS LegitScript's Motion to Certify Order for Interlocutory Appeal, ECF 294. The Court CERTIFIES for interlocutory appeal under 28 U.S.C. § 1292(b) its Opinion and Order dated January 3, 2024, ECF 292. The Court also STAYS all proceedings before this Court pending final action by the Ninth Circuit on LegitScript's interlocutory appeal. The parties are directed to file a joint status report within two weeks after any final action by the Ninth Circuit on LegitScript's petition for interlocutory review.

**IT IS SO ORDERED**.

DATED this 7th day of March, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge