IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**PHARMACYCHECKER.COM LLC**,

    Plaintiff,

v.

**LEGITSCRIPT LLC**,

    Defendant.

Case No. 3:22-cv-252-SI

**ORDER**

**Michael H. Simon, District Judge.**

    In this lawsuit, PharmacyChecker.com LLC ("PharmacyChecker") seeks injunctive relief and money damages against LegitScript LLC ("LegitScript") under § 1 of the Sherman Antitrust Act, 15 U.S.C. § 1, and §§ 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15, 26. PharmacyChecker alleges that LegitScript conspired with several other companies to suppress competition in the market for online pharmacy verification services. *See* ECF 82 (Amended Complaint). Now before the Court is PharmacyChecker's motion to compel discovery (ECF 325), which LegitScript opposes (ECF 329). The Court has scheduled fact discovery to close on May 1, 2026. ECF 309. For the reasons stated below, the Court grants PharmacyChecker's motion to compel.

    PharmacyChecker served its First Set of Requests for Production ("RFPs") in September 2022. In February 2024, LegitScript committed to "start [its] rolling production" on

or before March 1, 2024. ECF 325-11 at 2. Thereafter, LegitScript made a production of 331 documents. Discovery stalled on March 7, 2024, when, at the request of LegitScript, the Court stayed all proceedings pending resolution of LegitScript's interlocutory appeal. ECF 302.

On July 11, 2025, the Court entered a new trial management order, after the Ninth Circuit affirmed the earlier ruling of the Court. ECF 305; ECF 309. The Court set a new discovery deadline of May 1, 2026. *Id.* On September 10, 2025, PharmacyChecker "reminded" LegitScript of its commitment to make rolling productions responsive to PharmacyChecker's First Set of RFPs and asked LegitScript to meet and confer regarding the production. That same day, PharmacyChecker served its Second Set of RFPs. *See* ECF 325-3. PharmacyChecker served its Third Set of RFPs on October 17. ECF 325-5. After serving its Second Set of RFPs, PharmacyChecker sent several emails to LegitScript about discovery, but LegitScript did not respond. *See* ECF 325 n.2, Exs. 7 & 8. Indeed, LegitScript did not substantively respond to PharmacyChecker's emails between September 29 and November 10, November 14 to December 10, and again from December 11 to January 11.

On December 10, LegitScript stated that it needed PharmacyChecker to "agree on search terms" before LegitScript would "restart [its production] review." *Id.* at 5. LegitScript also asserted that any concerns that PharmacyChecker may have about LegitScript's production "should have been resolved in January 2022 and likely have been waived by [PharmacyChecker's] unreasonable delay." *Id.* On January 10, 2026, LegitScript again conditioned restarting its review on the parties' reaching "an agreement on all terms" in all three sets of RFPs. ECF 325-8. LegitScript conditionally agreed to 97 search terms, asked PharmacyChecker for the relevance of three, and specifically objected to two terms as being

PAGE 2 – ORDER

overbroad because they returned nearly 342,000 documents. On January 14, PharmacyChecker moved to compel responses to all three sets of RFPs. ECF 325.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that parties in a lawsuit "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). A party may move for an order compelling discovery under Rule 37. Fed. R. Civ. P. 37(a).

LegitScript does not dispute that the discovery PharmacyChecker seeks is relevant. It argues, rather, that the discovery sought is disproportionate to the needs of the case because LegitScript's document vendor estimates that PharmacyChecker's proposed search terms for the First Set of RFPs will result in more than 386,500 documents and that reviewing these documents would cost LegitScript more than $400,000.

It appears, however, that LegitScript's estimate of its burden is overstated. In its email dated January 11, LegitScript objected to two of PharmacyChecker's search terms regarding the First Set of RFPs as overbroad because they would return 342,000 documents. In the same message, LegitScript also conditionally agreed to 96 other search terms in the January 11 email. That means that LegitScript already had agreed to produce 44,500 documents responsive to the First Set of RFPs.

LegitScript agreed to make rolling productions of documents responsive to the First Set of RFPs back in February 2024. But there has been nothing rolling about LegitScript's production—it is stopped and will not "restart" according to LegitScript until PharmacyChecker agrees to LegitScript's search parameters for *all* of document discovery. LegitScript argues that adding additional search terms for the Second and Third Sets of RFPs will create undue burden.

PAGE 3 – ORDER

At this point, any such burden would be created by LegitScript, because it stalled the rolling production that it promised to make until after PharmacyChecker issued additional RFPs.

LegitScript also asserts that it proposed a reasonable timeline to conduct a rolling production (two weeks to first production with complete production within four to six weeks of agreement), but LegitScript has failed timely to negotiate with PharmacyChecker on search terms. If the parties had reached an agreement by March 1, LegitScript's production would not be complete until April 1 at the latest—one month before the close of fact discovery. The parties need time to review the productions, depose witnesses, and request follow-up discovery. *See U.S. v. W.R. Grace*, 526 F.3d 499, 508-09 (9th Cir. 2008) ("[A] district court has the authority to enter . . . discovery orders designed to ensure . . . that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly."). Accordingly, the Court hereby Orders LegitScript to produce all documents responsive to the First, Second, and Third Sets of RFPs.

Because the Court grants PharmacyChecker's motion, "the [C]ourt must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Accordingly, PharmacyChecker may file its motion for attorney's fees and expenses.

PharmacyChecker's Motion to Compel (ECF 325 ) is GRANTED.

**IT IS SO ORDERED.**

DATED this 23rd day of February, 2026.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 4 – ORDER