Richard P. Sybert, OSB No. 833714
Holly L.K. Heffner (*Pro Hac Vice*)
Hannah Brown (*Pro Hac Vice*)
GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Tel: (619) 230-7768 (Sybert direct)
Tel: (503) 222-1075
Fax: (503) 616-3600
rsybert@grsm.com
hheffner@grsm.com
hbrown@grsm.com

John T. Mills (*Pro Hac Vice*)
GORDON REES SCULLY MANSUKHANI, LLP
One Battery Park Plaza, 28th Floor
New York, NY 10004
Tel: (212) 269-5500
Fax: (212) 269-5505
jtmills@grsm.com

Christopher J. Pallanch, OSB no. 075864
Sadie Y. Concepcion, OSB no. 185015
Paul Balmer, OSB no. 203429
TONKON TORP LLP
1300 SW Fifth Avenue, Suite 2400
Portland, OR 97201
Tel: 503-802-2104 (Pallanch direct)
Tel: 503-802-5773 (Concepcion direct)
Tel: 503-802-5745 (Balmer direct)
Christopher.pallanch@tonkon.com
Sadie.concepcion@tonkon.com
Paul.balmer@tonkon.com

*Attorneys for Defendant LegitScript LLC*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| PHARMACYCHECKER.COM LLC,<br><br>                    Plaintiff,<br><br>     vs.<br><br>LEGITSCRIPT LLC,<br><br>                    Defendant. | Case No. 3:22-cv-00252-SI<br><br>**DEFENDANT LEGITSCRIPT LLC'S MOTION TO RECONSIDER THE COURT'S GRANTED MOTION TO COMPEL (ECF 332)**<br><br>Hon. Michael H. Simon |

DEFENDANT'S MOTION
TO RECONSIDER ECF 332 – 1

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

## I. **INTRODUCTION**

Defendant LegitScript LLC ("LegitScript") respectfully moves the Court to reconsider, on grounds of mistake, its February 23, 2026, Order granting Plaintiff PharmacyChecker.com LLC's ("PCC") Motion to Compel First, Second, and Third Sets of Requests for Production ("RFP"). At present, LegitScript is facing a **$1,377,500** document review for PCC's three sets of RFP, which is grossly disproportionate to the case.

In its Order (ECF 332), the Court concluded that LegitScript overstated its estimated burden for the production of documents, stating:

> LegitScript does not dispute that the discovery PharmacyChecker seeks is relevant. It argues, rather, that the discovery sought is disproportionate to the needs of the case because LegitScript's document vendor estimates that PharmacyChecker's proposed search terms for the First Set of RFPs will result in more than 386,500 documents and that reviewing these documents would cost LegitScript more than $400,000.
>
> It appears, however, that LegitScript's estimate of its burden is overstated. In its email dated January 11, LegitScript objected to two of PharmacyChecker's search terms regarding the First Set of RFPs as overbroad because they would return 342,000 documents. In the same message, LegitScript also conditionally agreed to 96 other search terms in the January 11 email. That means that LegitScript already had agreed to produce 44,500 documents responsive to the First Set of RFPs.

(ECF 332).

In short, LegitScript represented that, based on PCC's proposed terms, it was looking at a review that costs over $400,000 based on 386,500 document hits for the first set of RFP only; however, as shown above, the Court disagreed and concluded that LegitScript overstated the burden by 342,000 documents. The Court reasoned that, because LegitScript had objected to

DEFENDANT'S MOTION
TO RECONSIDER ECF 332 – 2

GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

two terms that resulted in 342,000 hits, LegitScript had in reality agreed to just 44,500 hits (386,500 minus 342,000 is 44,500), which will cost significantly less (nearly nine times less).

The error is that LegitScript's 386,500 figure had already subtracted the two objectionable terms (the two terms that resulted 342,000 hits). Thus 386,500 is the *real* number, and the cost of $400,000 is the real estimate <u>for less than one third of the RFP at issue</u>.

Before the Court issued its Order (ECF 332), but after the motion was fully briefed, PCC proposed terms for its RFP, Sets Two and Three. LegitScript's vendor has run the terms and the result across all three sets is **1,187,405** documents (excluding the two objectionable terms), for which the vendor estimates **$1,377,500** to review.

<u>The size and expense of this review warrant the parties' agreement on all terms resulting in a document review that is proportional to the case.</u>

It is also important to clarify that LegitScript conditionally agreed to *review* documents responsive to PCC's proposed terms. LegitScript did not agree to *produce* document hits, as suggested in the Order. Under the FRCP, LegitScript still must review for responsiveness, privilege, confidentiality, et cetera. And the condition to which LegitScript agreed to review hits on the proposed terms was that the parties reach an agreement on all terms resulting in a proportionate review as a whole. It would be unreasonable for LegitScript to agree to one third of a review that was already grossly outside the scope of discovery, rather than attempt to reach an agreement on the entire scope of this large and expensive undertaking.

Under FRCP 26(b)(1), the scope of discovery is limited to that which is "proportional to the needs of the case." Due to the significant cost of this ESI review, the parties should continue to negotiate search terms for RFP Set One, Two, and Three.

DEFENDANT'S MOTION
TO RECONSIDER ECF 332 – 3

GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

## II. STANDARD OF REVIEW

Under FRCP 60(b)(1), a court may grant relief from an order for mistake. A judicial "mistake" applies to any "misconception", "misunderstanding", or "fault in opinion or judgment" based on a mistake of fact or law. *Kemp v. United States*, 596 U.S. 528, 534 (2022); *Rust-Oleum Corp. v. Nic Industries*, No. 1:18-cv-01655-CL, 2025 WL 3080426, *1, (D.Or. Aug. 11, 2025). Rule 60(c)(1) requires a motion under Rule 60(b)(1) to be filed within a reasonable time and no more than a year after the order.

## III. THE COURT SHOULD RECONSIDER THE ORDER (ECF 332)

In the Order, the Court misunderstood or LegitScript failed to adequately communicate LegitScript's representation regarding the number of document hits LegitScript conditionally agreed to review for PCC's RFP Set One. If this misunderstanding is due to LegitScript, LegitScript apologizes.

The Court apparently believed that LegitScript's 386,500 documents resulting from "hits" from the first set of terms for RFP Set One included two terms to which LegitScript had objected, which collectively resulted in 342,000 documents. In the Order, the Court stated that LegitScript has agreed to produce 44,500 documents. But LegitScript did not agree to produce 44,500 documents. Rather, it conditionally agreed to *review* documents responsive to PCC's terms, so long as the parties could negotiate all terms down to a reasonably sized review (and the number will be much higher than 44,500).

///

///

DEFENDANT'S MOTION
TO RECONSIDER ECF 332 – 4

GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

From LegitScript's reading of the Court's Order, LegitScript has deduced that the Court got to 44,500 documents by subtracting 342,000 from 386,500. However, the Court's subtraction was not necessary because LegitScript had already done the math and subtracted 342,000 from the total hit count, resulting in 386,500.

In sum, the Court believed LegitScript was faced with a review nearly nine times less than the actual size (and again, that is for RFP Set One alone). The estimate for RFP, Set One is around $400,000 to review. As noted above, the total estimate for all three sets, after using modern processing to significantly reduce the data size, is **$1,377,500.** (Heffner Decl. ¶ 3, 4.) Given the misunderstanding regarding the size of the data at issue, under Rule 60(b)(1) it is proper for the Court to reconsider its Order (ECF 332) based on a mistake, misunderstanding, or misconception of the facts that influenced the Court's decision. *Kemp*, 596 U.S. at 534; *Rust-Oleum Corp.*, 2025 WL 3080426, at *1. Further, this clarification should also lead to reconsideration of the Court's suggestion that sanctions be awarded.

IV.     **PCC'S MOTION SHOULD BE DENIED**

Given the clarification herein that the number of documents at issue for RFP Set One is not 44,500 but rather 386,500, LegitScript respectfully submits that the roughly $400,000 cost of review of 1/3 of the RFP at issue is unreasonable and disproportionate to the case.

That is, PCC's and LegitScript's current *conditionally*-agreed upon search term list, for RFP Set One only, results in 386,500 document hits. LegitScript's document vendor estimates the cost to LegitScript will be roughly $400,000 to review. Again, the 386,500 documents agreed to be produced are from RFP Set One only.

DEFENDANT'S MOTION
TO RECONSIDER ECF 332 – 5

GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

Several weeks after filing its motion to compel, PCC finally proposed terms for its RFP Set Two and Three and the new cost estimate is **$1,377,500**, which is even more unreasonable and disproportionate. (Heffner Decl. ¶ 3, 4.); *see e.g.*, *Dr. Erik Natkin, DO PC v. American Osteopathic Association* (D.Or., May 13, 2022, No. 3:16 CV-01494-SB) 2022 WL 19915766, at *3 (plaintiff sought $10 million in damages and court held that $90,000 review [150 hours at $600/hour] was an undue burden and disproportionate). Here, according to its Initial Disclosures, PCC seeks $19.2 million in lost profits, which does *not* justify a $400,000+ review and, certainly not a 1.377M review.

LegitScript understands the Court's Order (ECF 332) that LegitScript need not wait for the entire set of search terms for RFP Set One, Two, and Three to be agreed upon before turning over documents. However, the Court's decision was based on a mistake in the total number of documents to which LegitScript *conditionally* agreed to review (not produce) for RFP Set One. LegitScript acknowledges that based on a total of 44,500 documents in RFP Set One, the likelihood of error and inefficiency of not being able to conduct a chronological review as a result of adding additional search terms on a rolling basis may not be high enough to warrant waiting. But, when considering the number of documents at issue is 386,500, not 44,500, for Set One and 1,187,405 for all three sets, the need to negotiate down the terms and the likelihood of error and inefficiency of adding additional search terms on a rolling basis is drastically higher.

Therefore, LegitScript respectfully asks the Court to reconsider its Order, including sanctions; and rather, order the parties to complete negotiation of search terms resulting in a proportionate review.

///

DEFENDANT'S MOTION
TO RECONSIDER ECF 332 – 6

GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

## V. **CONCLUSION**

For the reasons stated above, the Court should reconsider its Order (ECF 332), deny PCC's motion, and order the parties to negotiate terms to a reasonable and proportionate review.

Dated: March 10, 2026

GORDON REES SCULLY MANSUKHANI, LLP

By: *s/ Richard P. Sybert*
Richard P. Sybert, OSB No. 833714
Holly L.K. Heffner (Pro Hac Vice)
Hannah Brown (Pro Hac Vice)
John T. Mills (Pro Hac Vice)
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
rsybert@grsm.com
hheffner@grsm.com
hbrown@grsm.com
jtmills@grsm.com

Christopher J. Pallanch, OSB no. 075864
Sadie Y. Concepcion, OSB no. 185015
Paul Balmer, OSB no. 203429
TONKON TORP LLP
1300 SW Fifth Avenue, Suite 2400
Portland, OR 97201
Christopher.pallanch@tonkon.com
Sadie.concepcion@tonkon.com
Paul.balmer@tonkon.com

*Attorneys for Defendant LegitScript, LLC*

DEFENDANT'S MOTION TO RECONSIDER ECF 332 – 7

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600