Philip S. Van Der Weele, OSB #863650
phil.vanderweele@klgates.com
K&L GATES LLP
One SW Columbia Street, Suite 1900
Portland, Oregon 97204
Telephone: (503) 228-3200

Aaron Gott (admitted *pro hac vice*)
BONA LAW PC
aaron.gott@bonalawpc.com
331 2nd Avenue, Suite 420
Minneapolis, MN 55401
Telephone: (612) 968-7758

James F. Lerner (admitted *pro hac vice*)
james.lerner@bonalawpc.com
Aaron Lawrence (admitted *pro hac vice*)
aaron.lawrence@bonalawpc.com
BONA LAW PC
16 Madison Square Park West, 9th Floor
New York, NY 10010
Telephone: (212) 634-6861

Joseph Trujillo (admitted *pro hac vice*)
joseph.trujillo@bonalawpc.com
BONA LAW PC
4275 Executive Square, Suite 200
La Jolla, CA 92037
Telephone: (858) 964-4589

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| PHARMACYCHECKER.COM LLC,<br><br>*Plaintiff*,<br>vs.<br><br>LEGITSCRIPT LLC,<br><br>*Defendant*. | Civil Action No.3:22-cv-00252-SI<br><br>PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS FEES PURSUANT TO FED. R. CIV. P. 37(a)(5)(A)<br><br>Judge Michael H. Simon |

## I. LEGITSCRIPT'S CONDUCT WAS NOT SUBSTANTIALLY JUSTIFIED, AND PHARMACYCHECKER ATTEMPTED IN GOOD FAITH TO RESOLVE THE DISPUTE WITHOUT COURT INTERVENTION.

The record belies LegitScript's version of events. As set forth in the correspondence between the parties (Dkt. 345-1), and as explained in PharmacyChecker's opposition to LegitScript's motion for reconsideration (Dkt. 344), PharmacyChecker attempted repeatedly to resolve this dispute without intervention by the Court, but LegitScript's repeated and continued failure to confer rendered that impossible.

In summary form, the events that prompted PharmacyChecker to file the motion to compel on requests for production that it had served back in 2024 and in the fall of 2025 are as follows. At the end of the January 9, 2026 hearing on PharmacyChecker's motion to dismiss LegitScript's counterclaims, the Court informed the parties that it wanted discovery disputes to be brought to its attention promptly. *See* Jan. 9, 2026 Hearing Tr. at 29:20-22. Heeding that advice, and after ***months*** of discovery talks that had largely led nowhere (*see* Dkt. 325 at 4–7; Dkt. 325-8–11), PharmacyChecker began drafting a motion to compel, based on LegitScript's repeated failures to communicate with PharmacyChecker and repeated failures to provide requested information. *See* Dkt. 325 at 4–7; Dkt. 325-8.

On January 11, 2026, shortly before PharmacyChecker filed its motion to compel, LegitScript, after a month without a substantive communication, sent an email to PharmacyChecker that confirmed the necessity of the motion compel. In that email, LegitScript not only failed, once again, to provide the repeatedly requested hit report, but it also took the position that it would not produce ***anything*** until ***all*** search terms

for ***every*** RFP had been agreed to, despite over 90% of terms for the First RFP having already being agreed to. *See* Dkt. 325 at 5; Dkt. 325-8 at 1 (Jan. 11, 2026 email). In reneging on the agreement and taking this position, LegitScript acted like Lucy in the comic strip *Peanuts*, who promises to hold the football for Charlie Brown while he runs up to kick it, but then at the last second, pulls the football away. LegitScript's position is contrary to established litigation practice (RFPs are sent piecemeal throughout the course of fact discovery) and solidified PharmacyChecker's belief that court intervention was required. Dkt. 325 at 5. PharmacyChecker filed its motion to compel on January 14, 2026. Dkt. 325.[1]

This conduct by LegitScript, which prompted PharmacyChecker to file the motion to compel, was not substantially justified, regardless of the number of documents at issue or the cost to review them. LegitScript did not even *try* to quantify any burden with respect to the First RFP until its January 11 email,[2] because it had made no effort before then (at least not one for which the results were shared with PharmacyChecker) to even run the search terms the parties had ***already agreed*** to. Moreover, the burden LegitScript now complains about is based, as explained below and in PharmacyChecker's opposition to the motion for reconsideration, on the false premise

1. LegitScript asserts that "to-date, PCC still has not responded" to this January 11 email. That is patently false. PharmacyChecker sent a thorough response on February 13, 2026, addressing LegitScript's prior email and suggesting search terms for the Second and Third RFPs, to which *LegitScript* did not substantively respond (Dkt. 345-1 (emails from Feb. 11–Mar. 10)) and instead filed its motion for reconsideration without bothering to confer with PharmacyChecker first, as required by L.R. 7-1(a).

2. Which, perhaps not coincidentally, was sent shortly after the January 9 hearing wherein PharmacyChecker raised with the Court the specter of a discovery dispute.

that LegitScript must review of each and every document in chronological order before any production.

LegitScript's conduct following the Court's Order granting the motion to compel demonstrates the continued resistance of LegitScript to fulfill its discovery obligations and the necessity of an award of attorney's fees to break down LegitScript's resistance. First, more than a month has passed since the February 23 Order, and LegitScript has ***still*** only provided 63 documents (which pertained to "go-get" requests that did not even require search terms to locate). Second, LegitScript has filed a motion for reconsideration wherein it asserts it should not have to produce anything at this time. Dkt. 335. This position conflicts with LegitScript's representation to the Court that it "will continue its production" (albeit on undisclosed, unilateral terms). Dkt. 340 at 5. If LegitScript really intended to continue its productions in good faith, it would withdraw its motion for reconsideration as moot. It has not done so, which indicates that it will continue to evade its discovery obligations. Third, LegitScript is flatly refusing to negotiate search terms (*id*. ("LegitScript has developed its own terms and is conducting a proportionate review and will continue its production without further search term negotiation.")), which LegitScript says it has no obligation to do in the first place. *Id*. at 6. PharmacyChecker is now completely in the dark as to how LegitScript will decide what documents, if any, it will produce, and when, if ever, it will produce them. In other words, with respect to all three RFPs we are at square zero: No agreement on search terms; no disclosure of search terms; and no production of documents responsive to search terms, whatever they may be. Metaphorically, Lucy has once again pulled the

football away from Charlie Brown and will keep doing this forever unless there are consequences for this continued pattern of behavior.

LegitScript attempts to justify its position by asserting that PharmacyChecker's proposed terms for the Second and Third RFPs yielded excessive hits. *Id.* at 4–5. This argument fails for two reasons. ***First***, the search term hits for the Second and Third cannot be the justification for LegitScript's conduct prior to the January 11 motion to compel, because PharmacyChecker did not send LegitScript proposed search terms for the Second and Third RFPs until February 13. Dkt. 345-1.

***Second***, LegitScript's contention that its position is substantially justified because of the "undue burden" of a cost of $1.19 million based on the number hits rests on a false premise. The false premise is that LegitScript must review, in chronological order no less, each and every document before producing it. As explained in detail in PharmacyChecker's opposition to LegitScript's motion for reconsideration, that pre-production review is unnecessary, and the $1.19 million cost number is irrelevant. Dkt. 344 at 5, 13–16.

LegitScript's cited cases are likewise wholly inapposite. First, courts have routinely recognized that antitrust conspiracy cases are complex and require expansive discovery, which may involve large numbers of documents. *See id.* at 17 n.8 (citing authority). Second, LegitScript cites no actual authority for the proposition that a chronological responsiveness review is required. As explained in PharmacyChecker's opposition to the motion for reconsideration (*id.* at 13–16), in those cases, the producing party derailed the discovery process by reneging on prior agreements and dumping an

excessive number of unwanted documents on the requesting party without the requesting party's agreement to accept them. *See 21st Century Centennial Ins. Co. v. United States*, No. 6:24-cv-00089-MTK, 2026 WL 550319, at *11 (D. Or. Feb. 26, 2026); *Youngevity Int'l Corp. v. Smith*, No. 16-cv-00704-BTM (JLB), 2017 WL 6541106, at *9 (S.D. Cal. Dec. 21, 2017). Here, in contrast, LegitScript is derailing the discovery process by reneging on prior agreements and refusing to produce anything on the basis of a purported burden, despite PharmacyChecker's willingness to accept documents hit upon by search terms without prior review for responsiveness by LegitScript, while also refusing to engage meaningfully in search term negotiations to narrow the document universe.

Moreover, in the cases LegitScript cites, the courts did not order the producing party to do what LegitScript insists it must do here: review each document for responsiveness prior to production. In *21st Century Centennial Insurance*, the government (the producing party) was ordered to confer with opposing counsel and submit a joint production plan within 14 days. 2026 WL 550319, at *12. In *Youngevity International*, Youngevity (the producing party) was given the option to either: 1) provide a hit list, meet and confer on search terms, run the terms, review the hits for responsiveness and privilege, and produce them with appropriate confidentiality designations, all within less than two months, or 2) produce the 700,000 yet-unproduced documents without any further review, and pay reasonable costs for the recipient to conduct a TAR (technology assisted review) of those documents for responsiveness. 2017 WL 6541106, at *12.

LegitScript's conduct was not substantially justified before PharmacyChecker filed its motion to compel, and LegitScript learning new facts ***after*** losing the motion to compel does not suddenly convert its past unjustified conduct on which the motion was based into justified conduct. Moreover, LegitScript's conduct after losing the motion to compel has only gotten worse: retraction of a prior agreement on search terms; production of none of the document responsive to the previously agreed to terms; and refusal to engage in any further negotiations. Compensation to PharmacyChecker is therefore warranted to dissuade LegitScript from continuing this behavior in the remainder of the case.

## II. ADJUSTMENTS TO THE LODESTAR CALCULATION ARE INAPPROPRIATE.

Plaintiff seeks to recover $29,035 in attorneys' fees incurred as part of the 56.7 hours associated with bringing the motion and this related fee request. Both the rates and the hours spent are reasonable.

### A. The Hourly Rates Are Reasonable.

LegitScript argues that PharmacyChecker's rates are above the median rates in Oregon, and are closer to the 95th percentile. Dkt. 340 at 7. First, definitionally, 50% of all attorneys in Oregon charge above the Oregon median rate. This in no way suggests that 50% of lawyers are charging unreasonable fees. Second, the OSB is merely an "initial benchmark" that can be deviated from. LR 54-3(a). As explained in its fee petition, there are reasons to award higher fees in this case, due to the complexity of the case as a whole, the experience of the litigators, and the specialized skillset they possess. Dkt. 333 at 5–10.

LegitScript also argues that PharmacyChecker is not actually paying the fees. That is false with respect to Mr. Van Der Weele, who is not representing PharmacyChecker on a hybrid contingent basis and is paid monthly by PharmacyChecker. And PharmacyChecker ***will*** pay these rates to Bona Law, when it prevails in the litigation; Bona Law's recovery is specifically tied to these rates. Dkt. 334 ¶ 14.

**B. The Hours Spent Are Reasonable.**

LegitScript's arguments regarding the hours spent fare no better. Bona Law is a small boutique litigation firm. It has no "billing department" that can automatically generate these fee charts (Dkt. 340 at 8); a paralegal did them by hand. The chart is also not clerical, as it is not a routine task within Bona Law that is necessary for its daily operations. Nor does *Cutler v. Harkins* hold that such charts are clerical. No. 3:18-cv-01692-IM, 2022 WL 2238504, at *1 (D. Or. June 22, 2022).

Mr. Lawrence's and Mr. Trujillo's time is also not "block billed," duplicative, or uncertain. Dkt. 340 at 8-9. Entries that did not reflect work on this matter or were duplicative have already been removed from the chart. Dkt. 334 ¶ 17. Mr. Lawrence, the most junior and least expensive attorney in the case, spent six hours across two days (three hours on one day, and three hours on another day—not duplicative entries) preparing the motion to compel, which included legal research into the relevant standards and case law. Mr. Lawrence also spent 5.7 hours performing similar tasks for the fee motion, which has different standards and case law. These entries are not "block billed"—they accurately describe the work that was performed and do not impermissibly lump together unrelated tasks. Mr. Trujillo, a more senior attorney, spent 4.5 hours

reviewing and revising Mr. Lawrence's work. These entries are not duplicative, nor do they pertain to tasks unrelated to the motion to compel and fee petition. Other attorneys, including PharmacyChecker's local counsel, Phil Van Der Weele, then weighed in. There is nothing excessive about that, and no basis for reducing PharmacyChecker's requested fees. Finally, the time spent on the motion and fee petition does not even include the inordinate amount of time PharmacyChecker spent attempting to negotiate discovery with LegitScript since September 2025—time ultimately wasted by LegitScript's recalcitrance.

**CONCLUSION**

For these reasons, the Court should grant PharmacyChecker's motion for attorneys' fees should be granted in its entirety. In addition, PharmacyChecker requests leave to file a supplemental motion for attorneys' fees to capture the attorneys' fees it incurred in preparing Dkt. 339 (responding to questions from the Court arising out of LegitScript's motion for reconsideration) and Dkts. 345 and 345-1 (opposition papers to motion for reconsideration), as well as the attorneys' fees for preparing that supplemental motion.

Dated: April 6, 2026

Respectfully submitted,

*s/ Aaron Gott*

AARON GOTT
Aaron Gott (admitted *pro hac vice*)
aaron.gott@bonalawpc.com
BONA LAW PC
331 2nd Avenue, Suite 420
Minneapolis, MN 55401
Telephone: (612) 968-7758

James F. Lerner (admitted *pro hac vice*)
james.lerner@bonalawpc.com
Aaron Lawrence (admitted *pro hac vice*)
aaron.lawrence@bonalawpc.com
BONA LAW PC
16 Madison Square Park West
9th Floor
New York, NY 10010
Telephone: (212) 634-6861

Joseph Trujillo (admitted *pro hac vice*)
joseph.trujillo@bonalawpc.com
BONA LAW PC
4275 Executive Square, Suite 200
La Jolla, CA 92037
Telephone: (858) 964-4589

Philip S. Van Der Weele, OSB #863650
phil.vanderweele@klgates.com
K&L GATES LLP
One SW Columbia Street, Suite 1900
Portland, Oregon 97204
Telephone: (503) 228-3200

*Counsel for Plaintiff*

## CERTIFICATE OF COMPLIANCE

This brief complies with the applicable word-count limitation under LR 7-2(b) because it contains 2,133 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel. Counsel relied on the word count of the word-processing program used to create this document.

By: s/ *Aaron Gott*
Aaron Gott (admitted *phv*)
Bona Law PC
331 2nd Avenue, Suite 420
Minneapolis, MN 55401
aaron.gott@bonalawpc.com
(612) 968-7758

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of April, 2026, the above Reply Supporting Motion for Attorneys' Fees Pursuant to Fed. R. Civ. P. 37(a)(5)(A) was filed electronically with the Clerk of the Court using the CM/ECF system which will send a notification of such filing to all counsel of record here.

By: s/ *Aaron Gott*
Aaron Gott (admitted *phv*)
Bona Law PC
331 2nd Avenue, Suite 420
Minneapolis, MN 55401
aaron.gott@bonalawpc.com
(612) 968-7758